■ MASSACHUSETTS BAY INSURANCE COMPANY, Respondent, v COLLEEN FLOOD et al., Appellants, et al., Defendants.—In an action for a judgment declaring the rights and obligations of the parties under a homeowners' insurance policy the defendants Colleen Flood and Raymond Flood appeal from a judgment of the Supreme Court, Nassau County (DiPaola, J.), dated October 25, 1985, which, after a nonjury trial, declared that the plaintiff insurer was not required to defend and indemnify the defendants Gerald G. Seddon and Jerry Seddon for any claims arising out of an accident which occurred on or about April 22, 1981.

Ordered that the judgment is affirmed, with costs.

The appellant, Colleen Flood, an infant, was injured by an errantly thrown dart and thereafter brought a negligence action by her parent and guardian, the appellant Raymond Flood. The lawsuit named several parties as defendants, including the defendant, Jerry Seddon. At the time of the incident, Jerry Seddon was covered with respect to his possible liability by an insurance policy held in the name of his parents, the defendants, Gerald G. Seddon and Lucette Seddon. The insurance carrier, the plaintiff Massachusetts Bay Insurance Company, disclaimed coverage after being notified of the incident by Jerry Seddon some 15 months after its occurrence. The ground asserted in the insurer's notice of disclaimer was the failure of the insureds to comply with the provision of the insurance policy requiring timely written notice of any accident or occurrence and the immediate forwarding of any legal process relating to the incident. Here, although the initial written notice of the occurrence was provided by the insureds, it was the appellants who, subsequent to this notice but prior to the carrier's disclaimer, forwarded to the insurer copies of the complaint and other papers pertaining to the underlying negligence action. The instant action was brought by the carrier to declare the rights of the parties to the policy of insurance and it resulted in a judgment after trial in favor of the carrier relieving it of any obligation to defend or indemnify Gerald G. Seddon or Jerry Seddon.

On appeal, the appellants contend that because the notice of disclaimer referred only to the insureds' failure to properly notify the carrier and omitted any challenge to the sufficiency of the notice provided by the injured third party, the dis-

claimer was ineffective as to the injured third party *(see, General Acc. Ins. Group v Cirucci,* 46 NY2d 862; *Fabian v MVAIC,* 111 AD2d 366). Because this case is distinguishable from those relied upon by the appellants, we disagree.

The cases cited by the appellants in support of their argument exclusively concerned situations in which the required notice to the insurer had been provided not by the insureds but by the injured party *(see, General Acc. Ins. Group v Cirucci, supra; Fabian v MVAIC, supra; Matter of Aetna Cas. & Sur. Co. v Rodriguez,* 115 AD2d 418 [Ellerin, J., concurring]). In such instances, the notice of disclaimer must address with specificity the grounds for disclaiming coverage applicable to both the injured party as well as the insured, because notice of an occurrence by the injured party constitutes prima facie compliance with the notice requirements of the policy and, if unchallenged, relieves the insured of its contractual duty to provide proper notice *(see,* Insurance Law § 3420 [a] [3]; *Fabian v MVAIC, supra).* In this case, however, it was the insureds who first notified the carrier. Accordingly, any subsequent information provided by the injured party was, for notice purposes, superfluous, because there was already prima facie compliance with the contractual notice requirements of the policy. A disclaimer could still have been attempted on the ground that the insureds' written notice was untimely or deficient, but so long as the carrier did not dispute receiving notice from the insureds, the only issue with respect to the injured party was whether the efforts of the injured party to facilitate the providing of proper notice were sufficient in light of the opportunities to do so afforded it under the circumstances *(cf., Jenkins v Burgos,* 99 AD2d 217, 220-221). The obligation of the injured party to protect his interests by seeing that proper notification is given to the wrongdoer's carrier is independent of and secondary to the contractual duties of the insured, and need not be addressed in the notice of disclaimer where, as here, the initial notice of the occurrence was provided to the carrier by the insureds.

With respect to the merits of the action, the record gives us no cause to disturb the determination of the Supreme Court, Nassau County, that the insureds and the injured party failed to make reasonable efforts under the circumstances to timely bring the accident to the attention of the carrier. Thus, declaratory judgment relieving the insurer of its obligation to defend and indemnify the insureds was proper. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.