■ ALL CITY INSURANCE COMPANY et al., Plaintiffs, and ACHILLES STATHOPOULOS et al., Respondents, v PIONEER INSURANCE COMPANY, Appellant, et al., Defendants. [599 NYS2d 245] — Order and judgment (one paper), Supreme Court, New York County (Edward Lehner, J.), entered July 19, 1992, which, *inter alia,* granted the individual plaintiffs' cross motion for summary judgment declaring that defendant Pioneer Insurance Company is required to defend them in an underlying tort action, unanimously affirmed with costs.

Although the individual plaintiffs' liability in the underlying tort action is not alleged beyond 1987, defendant insurer did not disclaim as to them until March 1991, a delay which estops it from disclaiming coverage (Insurance Law § 3420 [d]), regardless of whether the delay caused prejudice *(see, Progressive Cas. Ins. Co. v Conklin,* 123 AD2d 6). It is immaterial that the insurer suggested in earlier correspondence with other parties that there might at some future point be a disclaimer as to the individual plaintiffs, since a written reservation of an insurer is not a substitute for the required notice of disclaimer *(Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). Nor is the alleged failure of the individual plaintiffs to give timely notice of the claim of any moment, since timely notice of disclaimer must be given even when the reason for disclaimer is lack of timely notice by the insured *(see, Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308, *lv denied* 79 NY2d 756). Concur—Murphy, P. J., Rosenberger, Ross, Asch and Kassal, JJ.