■ DRYDEN MUTUAL INSURANCE COMPANY, Appellant-Respondent, v GERALD A. BROCKMAN et al., Respondents-Appellants, and VINCENT HICKEY et al., Respondents. [687 NYS2d 504] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On June 5, 1993, an altercation occurred involving defendants Vincent Hickey and David L. Thompson, two patrons, on the premises of defendant Brock's Old Ridge Inn. Thereafter, Thompson commenced a personal injury action against Hickey, his alleged assailant, as well as against the bar owner and the bartender. The bar owner, defendant Gerald A. Brockman, and defendant Brock's of Ontario, Inc. (doing business as Brock's Old Ridge Inn) were insured by plaintiff during the relevant time period. Brockman first notified plaintiff of the occurrence on June 29, 1994, after being served with the summons with notice in the Thompson action. Plaintiff issued a disclaimer letter on August 5, 1994, based upon the failure of its insureds to give prompt notice of the occurrence. Plaintiff then commenced this declaratory judgment action against its insureds, as well as Thompson and the remaining defendants in the Thompson action, seeking a declaration that it had no obligation to defend or indemnify its insureds. Plaintiff moved for summary judgment, and defendants, including Thompson, the plaintiff in the underlying action, cross-moved for summary judgment seeking a declaration that

plaintiff was obligated to defend and indemnify its insureds. Supreme Court denied plaintiff's motion, granted the cross motion of Thompson and denied the cross motions of the remaining defendants as moot.

The court properly denied plaintiff's motion, which was based upon plaintiff's contention that there was no occurrence within the meaning of the policy. An occurrence is defined in the policy as "an accident including continuous or repeated exposure to substantially similar conditions, which results in *bodily injury* or *property damage* neither expected nor intended * * * [by] the insured." In determining whether an act is an occurrence, the policy terms must be read "narrowly, barring recovery only when the insured intended the damages" (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 649; *see also, Miller v Continental Ins. Co.*, 40 NY2d 675, 677). Here, neither the insureds nor their agent engaged in the assault, and there is no evidence that the resulting bodily injury was expected or intended by the insureds. The cases cited by plaintiff are inapposite because they either involve acts performed by insureds or their agents (*see, e.g., Board of Educ. v Continental Ins. Co.*, 198 AD2d 816) or policies that contain a specific exclusion for injuries resulting from assault and battery by a patron (*see, e.g., Sphere Drake Ins. Co. v 72 Centre Ave. Corp.*, 238 AD2d 574, 575-576).

The court erred, however, in granting Thompson's cross motion because there is a triable issue of fact whether the insureds provided a reasonable excuse for the delay in giving notice of the occurrence to plaintiff (*see, Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 749-750; *Marinello v Dryden Mut. Ins. Co.*, 237 AD2d 795, 796-797) and whether plaintiff provided timely notice of disclaimer to its insureds (*see, Aetna Cas. & Sur. Co. v Gigante*, 229 AD2d 975, 976-977; *Utica Fire Ins. Co. v Spagnolo*, 221 AD2d 921, 922). We conclude that plaintiff is not estopped from disclaiming coverage with respect to Thompson as a result of its failure to disclaim based upon Thompson's failure to give timely notice. There is no evidence that Thompson provided notice of the occurrence to plaintiff, thereby triggering an obligation by plaintiff to disclaim specifically based upon Thompson's failure to provide timely notice (*cf., Wraight v Exchange Ins. Co.* [appeal No. 2], 234 AD2d 916, *lv denied* 89 NY2d 813). We modify the judgment, therefore, by denying Thompson's cross motion and vacating the declaration. In light of our determination, we reach no other issues. (Appeals from Judgment of Supreme Court, Wayne County, Sirkin, J.—Declaratory Judgment.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Balio, JJ.