■■■ ROOFING CONSULTANTS, INC., et al., Respondents, v SCOTTSDALE INSURANCE COMPANY, Appellant, et al., Defendant. [709 NYS2d 782] —Judgment unanimously reversed on the law without costs and judgment granted in accordance with the following Memorandum: Supreme Court erred in declaring that Scottsdale Insurance Company (defendant) was obligated to pay half of the costs incurred in defending plaintiff Roofing Consultants, Inc. (Roofing Consultants) in the underlying action and to pay half of any award entered against Roofing Consultants in that action. In November 1995 an employee of Roofing Consultants was injured while working on a roofing project at a Mobil Oil Corporation (Mobil Oil) station. Roofing Consultants first notified defendant, its insurer, of the accident when plaintiffs commenced this declaratory judgment action in September 1998. Defendant properly disclaimed coverage based on the failure of Roofing Consultants to provide timely notice of its employee's claim (*see, White v City of New York*, 81 NY2d 955, 957; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440). The delay of two years and 10 months in providing notice of the claim is unreasonable as a matter of law (*see, American Mfrs. Mut. Ins. Co. v CMA Enters.*, 246 AD2d 373; *see also, Matter of State Farm Mut. Auto. Ins. Co. [Tremaine]*, 270 AD2d 962).

We reject plaintiffs' contention that the notice provided to defendant by Mobil Oil in August 1996 should be imputed to plaintiffs. Mobil Oil notified defendant of the claim after it was sued by the injured employee. Mobil Oil sought indemnification from defendant based on its belief that it was an additional insured under Roofing Consultants' policy with defendant. Contrary to plaintiffs' contention, Mobil Oil was not a claimant but, rather, was acting as an alleged additional insured. Neither notice provided by another insured nor the insurer's actual knowledge of the claim satisfies the contractual obligation of an insured to give timely notice (*see, American Mfrs. Mut. Ins. Co. v CMA Enters., supra; Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497, 499, *lv dismissed* 74 NY2d 651).

Contrary to plaintiffs' contention, defendant was not obligated to disclaim coverage until Roofing Consultants provided notice of the accident or claim (*see, Dryden Mut. Ins. Co. v Brockman*, 259 AD2d 947, 948), and the disclaimer in its answer constitutes timely notice of disclaimer (*see, American Mfrs. Mut. Ins. Co. v CMA Enters., supra*, at 373). We therefore reverse the judgment and grant judgment in favor of defendant declaring that defendant has no obligation to contribute to the costs incurred in defending Roofing Consultants in the

underlying action or to contribute to any award entered against Roofing Consultants in the underlying action. (Appeal from Judgment of Supreme Court, Erie County, Fahey, J.—Declaratory Judgment.) Present—Pine, J. P., Wisner, Scudder and Lawton, JJ.