■ BARBARA MOORE et al., Appellants, v TRAVELERS INSURANCE COMPANY, Respondent. [734 NYS2d 717] —Mercure, J. P. Appeal from an order of the Supreme Court (Demarest, J.), entered November 17, 2000 in St. Lawrence County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

In July 1994, plaintiff Barbara Moore, an employee at a supermarket in the Village of Gouverneur, St. Lawrence County, was injured when she fell on a wet concrete floor that had been installed as part of the work on an addition to the store. In June 1997, plaintiffs commenced an action (hereinafter the underlying action) against Calnero Construction Company, Inc., the general contractor on the project, and M.A. Calcagnino Concrete Flooring (originally sued as John Doe), the concrete subcontractor. At the time of the accident, Calnero was the insured under a commercial general liability insurance policy issued by Travelers Casualty & Surety Company of America (hereinafter TCA) for the policy period January 1, 1994 to January 1, 1995, and Calcagnino was the insured under a commercial general liability insurance policy issued by Travelers Casualty & Surety Company of Illinois (hereinafter TCI) for the policy period August 1, 1993 to August 1, 1994. It is undisputed that TCI and TCA are affiliated companies, both owned by defendant.

In July or August 1997, Calcagnino gave TCI notice of the

underlying action and requested that it be provided with a defense and indemnification. TCI undertook Calcagnino's defense in the underlying action and, in September 1997, served an answer to the complaint. Calnero did not provide TCA with notice of the action against it until February 1999. When TCA became aware that Calnero had been served with the complaint in the underlying action in July 1997, it denied Calnero's request for coverage based upon Calnero's failure to report the claim/lawsuit in accordance with the conditions of the policy.

Ultimately, the action against Calcagnino was dismissed and plaintiffs obtained a default judgment against Calnero in the amount of $750,000. Plaintiffs then commenced the present action seeking to have defendant satisfy plaintiffs' judgment against Calnero upon the ground that defendant is estopped from disclaiming coverage because Calcagnino's notice to TCI constituted notice to defendant of the incident by or on behalf of plaintiffs and by or on behalf of Calcagnino and of the summons and complaint in the action against its insureds Calcagnino and Calnero. Following joinder of issue, plaintiffs moved and defendant cross-moved for summary judgment. Supreme Court denied plaintiffs' motion, granted defendant's cross motion and dismissed the complaint. Plaintiffs appeal.

We affirm. In our view, the central premise underlying all of plaintiffs' contentions, that the August 1997 delivery of the summons and complaint in the underlying action to TCI and subsequent communication between plaintiffs' counsel and TCI constituted notice to defendant of plaintiffs' claim against Calnero, is fundamentally flawed. Although that notice very likely made TCI (and, inferentially, defendant) aware that plaintiffs asserted a claim against an entity identified as Calnero Construction Company, Inc., it failed to provide notice that Calnero was insured by one of defendant's affiliates or that Calnero sought a defense and indemnification in the action brought by plaintiffs. The distinction is a critical one because "[n]either notice provided by another insured nor the insurer's actual knowledge of the claim satisfies the contractual obligation of an insured to give timely notice" (*Roofing Consultants v Scottsdale Ins. Co.*, 273 AD2d 933, *lv denied* 95 NY2d 770). As noted by Supreme Court, it would be most unfair to impose upon defendant "a duty to independently search its policies for any and all named defendants when an insured provides individual notice of a claim" (*compare*, Insurance Law § 3420 [a] [3]). We also note that Calcagnino's delivery of the underlying complaint to TCI cannot have constituted notice from plaintiffs

because plaintiffs took a position adverse to Calcagnino in the underlying action (*see, Structure Tone v Burgess Steel Prods. Corp.*, 249 AD2d 144, 145).

In view of the uncontradicted evidence that defendant received no effective notice of the underlying claim or action against Calnero until nearly 20 months following the commencement of the underlying action against Calnero, the notice provided by Calnero in February 1999 was clearly untimely (*see, Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497, 498, *lv dismissed* 74 NY2d 651). Further, the notice of disclaimer provided by TCA was both timely and sufficiently detailed to preserve defendant's late notice defense. Notably, defendant had no obligation to address its disclaimer to any of the communications from plaintiffs or Calcagnino that plaintiffs erroneously claim to have constituted notice (*cf., Massachusetts Bay Ins. Co. v Flood*, 128 AD2d 683, 684, *lv denied* 70 NY2d 612).

Plaintiffs' additional contentions have been considered and found to be lacking in merit.

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.