■ TRAVELERS INSURANCE COMPANY et al., Respondents-Appellants, v VOLMAR CONSTRUCTION Co., INC., et al., Appellants-Respondents, et al., Defendant. [752 NYS2d 286] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered January 25, 2002, which, to the extent appealed from, granted plaintiffs' motion for summary judgment to the extent of declaring that defendant AIU Insurance Company was obligated to defend plaintiffs in an underlying property damage action and awarded plaintiffs costs and expenses of defending said action in an amount to be determined by a special referee, and denied defendants' cross motion for a declaration as to their nonliability, unanimously reversed, on the law, with costs, plaintiffs' motion for summary judgment denied and defendants' cross motion for a declaration of nonliability under the policy issued by AIU granted.

This is a declaratory judgment action instituted by plaintiffs The Travelers Insurance Company (Travelers) and its insured E&Y General Construction Co. (E&Y) for a declaration that defendant AIU Insurance Company (AIU) was obligated to provide a defense and indemnification to E&Y in an underlying action. The underlying property damage action arose out of a

fire that occurred during a renovation project at Prospect Heights High School (School) on January 22, 1997. Defendant Volmar Construction Co. (Volmar) was the general contractor on the project and E&Y was a subcontractor working at the site. Volmar was insured by a general liability policy issued by defendant AIU, and E&Y was named an additional insured on the policy.

In the underlying action commenced in September 1997, St. Paul Fire & Marine Insurance Co., as subrogee of the New York City Construction Authority (Authority), sought recovery from E&Y, the allegedly responsible party, of the amount it paid to the Authority for the property damage loss under the School's policy. E&Y forwarded the complaint to its own insurer, Travelers, who assumed the defense of E&Y. E&Y did not forward the complaint or otherwise notify AIU of the claim. However, E&Y did commence a third-party action against Volmar, also insured by AIU, and AIU provided a defense to Volmar after timely notification. AIU has acknowledged that it received notice of the fire shortly after it occurred from another subcontractor at the site.

The AIU policy issued to Volmar required that the insured notify AIU of an "occurrence" which may give rise to a claim "as soon as practicable." It further required that if a claim or suit is brought, the insured must provide "written notice of the claim or suit as soon as practicable." AIU claims that it first received notice when E&Y demanded that AIU defend and indemnify it on May 12, 1999, 19 months after E&Y received the complaint in the underlying action. As a result, on May 26, 1999, AIU disclaimed coverage based upon E&Y's failure to timely notify it of the claim as required by the policy.

On March 16, 2000, Travelers and E&Y commenced the instant action seeking a declaration that AIU was required to defend and indemnify E&Y in the underlying action, or alternatively, a declaration that Volmar breached its contract with E&Y by failing to obtain insurance to protect E&Y's interests.* Following discovery, plaintiffs moved for summary judgment, arguing that AIU received notice of the occurrence a few days after the fire, that AIU had issued payments for losses resulting from the fire to other insureds in January 1997, and that E&Y's president had also provided oral notice to AIU's claims adjuster in February 1997. E&Y further argued that AIU's disclaimer was untimely.

Defendants Volmar and AIU cross-moved for summary judg-

---

* The underlying action was settled with the parties agreeing to resolve the outstanding indemnification and defense issues in the instant action.

ment declaring that AIU was not obligated to defend or indemnify the plaintiffs. They argued that although AIU had independent knowledge of the occurrence, E&Y was obligated to provide notice in accordance with the policy provisions, and that written notice 19 months after receiving the complaint in the underlying action was untimely as a matter of law.

In the order appealed from, the IAS court denied the motion and cross motion with respect to the issue of indemnification, finding questions of fact both as to the reasonableness and timeliness of E&Y's notice of loss and claim, and as to the timeliness of AIU's disclaimer. However, it granted E&Y's motion to the extent of declaring that AIU had a duty to defend E&Y, and referred the issue of the amount of defense costs to a special referee. The court reasoned that AIU's duty to defend did not turn on the disputed issues of untimely notice and disclaimer, since AIU conceded that E&Y was an additional insured under the policy and the duty to defend is broader than the duty to indemnify.

On appeal, defendants Volmar and AIU argue that E&Y failed, as a matter of law, to fulfill the notice requirements of the AIU policy, a condition precedent to coverage. On the cross appeal, plaintiffs contend that their motion should have been granted in its entirety, since AIU received timely notice of the occurrence and AIU's disclaimer was untimely as a matter of law. As the record establishes that the condition precedent was not fulfilled and that the disclaimer was timely, we reverse and grant summary judgment to defendants.

"An insurer's obligation to cover its insured's loss is not triggered unless the insured gives timely notice of loss in accordance with the terms of the insurance contract" (*Power Auth. v Westinghouse Elec. Corp.*, 117 AD2d 336, 339, citing *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440). The notice provision in the policy is a condition precedent to coverage and, absent a valid excuse, the failure to satisfy the notice requirement vitiates the policy (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d at 440; *Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 239).

The AIU policy at issue required that notice be given "as soon as practicable," a standard provision in liability policies that has been interpreted to require notice within a reasonable time under the circumstances (*Power Auth. v Westinghouse Elec. Corp.*, 117 AD2d at 339). "Where an excuse or explanation is offered for delay in furnishing notice, the reasonableness of the delay and the sufficiency of the excuse are matters to be determined at trial" (*Hartford Acc. & Indem. Co. v CNA*

*Ins. Cos.*, 99 AD2d 310, 313). "However, where there is no excuse or mitigating factor, the issue poses a legal question for the court, and courts have found relatively short periods to be unreasonable as a matter of law (*Deso v London & Lancashire Ind. Co.*, [3 NY2d 127, 130] [51 days]; *Rushing v Commercial Cas. Ins. Co.*, [251 NY 302, 304] [22 days]; *Haas Tobacco Co. v American Fid. Co.*, 226 NY 343[, 345] [10 days])." (*Hartford Acc. & Indem. Co. v CNA Ins. Cos.*, 99 AD2d at 313.)

In this case, E&Y has proffered no excuse for failing to provide notice in accordance with the policy provisions. This is not a case where the insured has a reasonable argument that it was unaware of the accident (*see Rushing v Commercial Cas. Ins. Co.*, 251 NY at 304), or where the insured had a good-faith belief in its nonliability (*cf., 875 Forest Ave. Corp. v Aetna Cas. & Sur. Co.*, 37 AD2d 11, 12, *affd* 30 NY2d 726). E&Y may not avail itself of these arguments since the record indisputably shows that E&Y was aware of the occurrence and believed that it might be liable, as demonstrated by the fact that it had forwarded the summons and complaint in the underlying action to its other insurer, Travelers, in December 1997 (*see Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497, 499, *lv dismissed* 74 NY2d 651 [insured's assumption that other carriers would bear ultimate responsibility for its property loss is insufficient as a matter of law to excuse the more than four-month delay in giving notice]). Significantly, the record further establishes that E&Y's president was fully aware that E&Y was an additional insured on the AIU policy, yet E&Y failed to furnish AIU with notice of the occurrence and the pleadings in the underlying action as had been done with Travelers.

Instead, plaintiffs rely on the fact that AIU received notice of the occurrence from independent sources, such as its other insured, Volmar, and another subcontractor. We reject this argument. The law is clear that an insured's obligation to provide timely notice is not excused on the basis that the insurer has received notice of the underlying occurrence from an independent source (*see American Mfrs. Mut. Ins. Co. v CMA Enters.*, 246 AD2d 373; *Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d at 499).

Plaintiffs seek to overcome this hurdle by arguing that sufficient notice of the occurrence was provided to AIU in February 1997, when E&Y's president, during an investigation into the claim, orally informed a consultant hired by AIU's retained insurance adjuster, as well as an AIU representative, of the details of the occurrence. Assuming, without deciding, that the

oral responses by E&Y's president during an investigation into the claim by an independent insurance adjuster would constitute sufficient compliance with the policy provision requiring notice of an "occurrence," E&Y still failed to comply with the additional policy provision requiring "written notice of the claim or suit as soon as practicable." As noted, E&Y received the summons and complaint in the underlying action in September 1997 and did not provide written notice of the claim to AIU until May 12, 1999, 19 months later.

Plaintiffs further argue that because AIU received the pleadings in the underlying action in December 1998, when it undertook the defense of its primary insured Volmar in the third-party action, AIU received timely notice of the underlying claim against E&Y and AIU's disclaimer on May 26, 1999 was itself untimely. This argument is flawed because the notice requirement in this insurance policy applies equally to both primary and additional insureds (*see American Mfrs. Mut. Ins. Co. v CMA Enters.*, 246 AD2d 373), and notice provided by one insured in accordance with the policy terms will not be imputed to another insured (*see Roofing Consultants v Scottsdale Ins. Co.*, 273 AD2d 933, *lv denied* 95 NY2d 770 [neither notice provided by another insured nor the insurer's actual knowledge of the claim satisfies the contractual obligation of the insured to give timely notice]). This is especially true in circumstances such as here, where the insured that has provided notice has taken a position adverse to its coinsured in the underlying litigation (*see Structure Tone v Burgess Steel Prods. Corp.*, 249 AD2d 144, 145; *Delco Steel Fabricators v American Home Assur. Co.*, 40 AD2d 647, 648, *affd* 31 NY2d 1014).

Contrary to plaintiffs' argument, AIU's disclaimer 14 days after mailing of plaintiff's demand that AIU provide E&Y with a defense and indemnification was timely. An insurer may not disclaim liability if it fails to give the insured timely notice of disclaimer (*see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029; *Generali-U.S. Branch v Rothschild*, 295 AD2d 236, 237). "The reasonableness of any delay in disclaiming coverage must be judged from that point in time when the insurer is aware of sufficient facts to issue a disclaimer" (*id.*). On the facts present here, AIU did not become aware of facts sufficient to disclaim until plaintiff demanded that it tender a defense and indemnification to E&Y on May 12, 1999. That AIU received notice of the occurrence shortly after it occurred, and became aware of the underlying action and third-party action in December 1998, was insufficient to trigger AIU's time to is-

sue a disclaimer as to E&Y. As of December 1998, AIU had no reason to expect that E&Y was seeking coverage under its policy. E&Y had looked to its other insurer, Travelers, for defense and indemnification, and, further, had commenced a third-party action against Volmar, who was also insured by AIU. Given these circumstances, AIU had no basis to disclaim with respect to E&Y until it received the latter's demand for defense and indemnification (*see Structure Tone v Burgess Steel Prods. Corp.*, 249 AD2d 144, 145). AIU's disclaimer 14 days after mailing of plaintiff's demand was timely as a matter of law (*see Nationwide Ins. Co. v Lukas*, 264 AD2d 778). Concur— Andrias, J.P., Rosenberger, Marlow and Gonzalez, JJ.