368 F.3d 209
 Gregory WEBSTER an Infant Under the Age of 14 Years, by His Father and Natural Guardian Ezra WEBSTER, Plaintiff-Appellee-Cross-Appellant,
v.
MOUNT VERNON FIRE INSURANCE COMPANY, Defendant-Third-Party-Plaintiff-Appellant-Cross-Appellee,
Linton Grant, Ina Grant and Parkway Elementary School, Third-Party-Defendants-Appellees.
 Docket No. 03-7490(L).
 Docket No. 03-7491(XAP).
 United States Court of Appeals, Second Circuit.
 Argued: December 19, 2003.
 Decided: April 22, 2004.
 
 Steven Verveniotis, Miranda & Sokoloff, LLP (Benjamin P. Malerba, on the brief), Mineola, NY, for defendant-third-party-plaintiff-appellant-cross-appellee.
 Michael D. Ribowsky, Richmond Hill, NY, for plaintiff-appellee-cross-appellant.
 Gerold Mallow, Mallow, Konstam & Hager (David Mallow, on the brief), New York, NY, for third-party defendants-appellees.
 Before: POOLER, MESKILL, and SOTOMAYOR, Circuit Judges.
 SOTOMAYOR, Circuit Judge.
 
 
 1
 Mount Vernon Fire Insurance Company ("Mount Vernon") appeals from a judgment of the United States District Court for the Eastern District of New York (Ross, J.) granting summary judgment to plaintiff Gregory Webster. Webster was injured in 1996 while attending Parkway Elementary School, a corporation jointly owned by Linton and Ina Grant. He subsequently sued the Grants for negligence in state court and obtained a default judgment of $203,055 against them. Webster then filed this lawsuit against Mount Vernon pursuant to New York Insurance Law § 3420(a)(2), alleging that because the Grants held a commercial liability insurance policy with Mount Vernon, Mount Vernon was required to indemnify the Grants in the amount of the damages awarded by the state court judgment. The district court held that, inter alia, because Mount Vernon had not properly disclaimed coverage on the policy as to Ina Grant, the insurer was liable for the amount of the judgment obtained against the Grants. At the same time, however, the court rejected Webster's assertions that Mount Vernon's disclaimer to Linton was untimely, and that Mount Vernon was obligated to disclaim as to Webster even though he never provided notice of his claim.
 
 
 2
 We hold that (1) Mount Vernon was not obligated to disclaim coverage as to Ina Grant because she never complied with the policy's notice provisions; (2) Mount Vernon timely disclaimed coverage as to Linton Grant; and (3) Mount Vernon was not obligated to disclaim coverage as to Webster because he never provided notice of the occurrence. We therefore find that Mount Vernon was not obligated to indemnify the Grants for the damage award obtained against the Grants by Webster.
 
 BACKGROUND
 
 3
 On October 10, 1996, plaintiff Gregory Webster, then six years old, was injured when he fell down the stairs at Parkway Elementary School, a non-profit corporation jointly owned and operated by Linton and Ina Grant. At the time, Linton Grant held a commercial liability insurance policy with Mount Vernon that provided him with coverage for liability arising from bodily injuries occurring on his business premises. Linton's policy provided that "[y]ou and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner." Ina, as Linton's spouse, was therefore insured against liability arising from the operation of any of Linton's solely owned businesses. The policy also provided that in the event of a potential claim, "you must see to it that we are notified as soon as practicable of an `occurrence' or an offense which may result in a claim." Moreover, "[y]ou and any other involved insured must ... immediately send us copies of any ... legal papers received in connection with the claim or `suit.'" Despite the fact that Webster's accident occurred on the school's premises and exposed the Grants and the school to liability, the Grants did not notify Mount Vernon of the accident when it occurred.
 
 
 4
 On October 20, 1996, ten days after the accident, Linton received a letter from Gregory Webster's father, threatening to file a lawsuit against the school. Linton forwarded the letter to his insurance broker, but did not provide any notice of the letter or the accident directly to Mount Vernon. The broker apparently did not forward the letter to Mount Vernon.
 
 
 5
 Almost five years later, in April 2001, Webster sued the Grants and Parkway Elementary School in New York Supreme Court for damages arising from his injuries. On May 8, 2001, Linton provided notice of the Webster accident and lawsuit to Mount Vernon for the first time. The notice of claim identified Linton as the only insured. That notice did not mention Ina as a possible insured with respect to the accident, and it is undisputed that Ina never independently notified Mount Vernon of the claim. Mount Vernon investigated Linton's claim and determined that Linton knew about the accident when it occurred in 1996, and that he had no excuse for the five-year delay in notification. Mount Vernon therefore sent a disclaimer of coverage to Linton on May 30, 2001, explaining that Linton's notice was untimely under the terms of the policy. The disclaimer did not mention Ina or Webster, and Mount Vernon did not directly disclaim coverage as to either Ina or Webster. Meanwhile, the Grants failed to appear in court to defend against Webster's suit, and in December 2001, the New York Supreme Court entered a default judgment against them in the amount of $203,055.
 
 
 6
 In April 2002, Webster filed this action against Mount Vernon in New York Supreme Court, asserting that Mount Vernon was liable for the amount of the state court judgment under New York Insurance Law § 3420(a)(2), which provides that if an injured party obtains a judgment against an insured party and the judgment remains unsatisfied for thirty days, "an action may ... be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract." Mount Vernon removed the suit to the Eastern District of New York on the basis of diversity of citizenship. See 28 U.S.C. § 1332.
 
 
 7
 Mount Vernon then impleaded Linton and Ina Grant and Parkway Elementary School, seeking a declaration that Mount Vernon was not obligated to indemnify or defend the Grants because the Grants failed to comply with the notice provisions of the policy.[1] Mount Vernon's complaint also sought costs and attorneys' fees. After minimal document discovery was completed, the parties agreed that no further discovery was necessary, and Webster and Mount Vernon filed cross-motions for summary judgment. The Grants moved to dismiss the third-party complaint.
 
 
 8
 Because § 3420(a)(2) conditions the insurer's liability for the judgment against the insured on whether the insurer would be liable to the insured under the terms of the policy, the parties' arguments focused on the terms of the Grants' policy and the parties' compliance with those terms. The district court granted summary judgment to Webster, holding that Mount Vernon was obligated to provide coverage to Ina Grant for her liability arising from the accident. This conclusion was based on the court's determination that Ina Grant's failure to provide independent notice of the accident to Mount Vernon did not relieve the insurer of its obligation to disclaim coverage as to her because Mount Vernon had received actual notice of the accident from Linton. Because Mount Vernon's disclaimer to Linton was addressed to him alone, the district court concluded that Mount Vernon had failed to timely disclaim coverage as to Ina, and was therefore estopped from denying coverage to her. The court found that Webster was therefore entitled to collect his state court judgment through Mount Vernon's indemnification of Ina's liability.
 
 
 9
 The district court made a number of other rulings that Webster challenges in his cross-appeal. First, the court found that Mount Vernon had validly disclaimed coverage as to Linton because he had failed to give timely notice of the accident, and compliance with the notification procedures in the insurance policy is a condition precedent to the insurer's liability under the policy. The court also rejected Webster's argument that Mount Vernon had failed to issue the disclaimer within a reasonable time, finding that Mount Vernon's investigation, and the consequent delay, was necessary to determine whether the insurer could disclaim coverage. Second, the court concluded that Mount Vernon had no obligation to notify Webster of its disclaimer, because Webster never provided notice of the occurrence to Mount Vernon. Finally, the court held that Webster was not entitled to prejudgment interest on the $203,055 in damages for which Mount Vernon was liable, because New York law does not provide for prejudgment interest in personal injury suits.
 
 
 10
 Based on its rulings, the district court granted both summary judgment motions in part, dismissed Mount Vernon's third-party complaint as moot, and entered a judgment against Mount Vernon in the amount of $203,055.[2]
 
 DISCUSSION
 
 11
 On appeal, Mount Vernon challenges the district court's conclusion that Mount Vernon was obligated to disclaim coverage specifically as to Ina Grant, and that its failure to do so estopped it from denying coverage to her. Mount Vernon argues that because Ina did not provide independent notice of the accident to Mount Vernon, and Linton's notice to Mount Vernon cannot be imputed to Ina, Mount Vernon was not obligated to disclaim coverage as to her.[3]
 
 
 12
 Webster, for his part, argues in his cross-appeal that the district court erred in holding that Mount Vernon's disclaimer was valid as to Linton because Mount Vernon's delay of twenty-two days in conveying its disclaimer, measured from the date that it received Linton's notice of claim, rendered it untimely as a matter of law. Webster also challenges the district court's conclusion that Mount Vernon had no obligation to disclaim coverage to Webster, arguing that Mount Vernon's failure to mention Webster in its disclaimer to Linton violated the requirement that disclaimers specifically state the grounds on which coverage is denied. Finally, Webster asserts that he is entitled to prejudgment interest.
 
 
 13
 We review the grant of a motion for summary judgment de novo. See Brody v. Village of Port Chester, 345 F.3d 103, 108 (2d Cir. 2003). In determining whether there are genuine issues of material fact that preclude summary judgment, we must resolve all ambiguities in favor of the nonmoving parties. See Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). Summary judgment is appropriate only if the parties' proffered evidence establishes that there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c).
 
 
 14
 I. Mount Vernon's Obligation To Disclaim As To Ina Grant
 
 
 15
 The district court held that Mount Vernon was obligated to indemnify the Grants for the state court judgment because Mount Vernon was required under the policy to provide coverage to Ina Grant for liability arising from Webster's accident. Because compliance with a policy's notification provisions is a condition precedent to the insurer's liability under the policy, Power Auth. v. Westinghouse Elec. Corp., 117 A.D.2d 336, 502 N.Y.S.2d 420, 421-22 (1st Dept. 1986), and Ina never notified Mount Vernon of the potential claim against her, Mount Vernon argued that it was not obligated to provide coverage to her or to disclaim coverage as to her. The district court found, however, that Mount Vernon was estopped from denying coverage to Ina because the insurer never sent her a disclaimer, even after Linton had provided it with actual notice of Webster's suit. See, e.g., AllCity Ins. Co. v. Pioneer Ins. Co., 194 A.D.2d 424, 599 N.Y.S.2d 245 (1st Dept. 1993) (holding that insurer's failure to disclaim coverage within a reasonable time rendered irrelevant the insured's failure to provide timely notice). In reaching this conclusion, however, the district court overlooked the fundamental difference between the insurer's obligations when the insured provides notice, albeit late, and an insurer's obligations when an insured fails to provide any notice at all. Because an insurer's obligation to disclaim coverage as to a particular insured does not arise until that insured has provided notice of the occurrence or claim, Ina's failure to provide any notice relieved Mount Vernon of its obligation to disclaim coverage as to her.
 
 
 16
 It is undisputed that Ina never complied with the notice provisions of the policy because she never submitted a notice of claim to Mount Vernon. Because an insured has a contractual obligation under the policy to provide timely notice of a claim, the insurer does not become obligated to disclaim coverage until the insured provides notice. See Roofing Consultants v. Scottsdale Ins. Co., 273 A.D.2d 933, 709 N.Y.S.2d 782, 783 (4th Dept. 2000) (noting that there is no obligation to disclaim coverage until a notice of claim is received, and holding that the insurer's failure to disclaim as to non-notifying insured did not obligate the insurer to provide coverage); Dryden Mut. Ins. Co. v. Brockman, 259 A.D.2d 947, 687 N.Y.S.2d 504 (4th Dept. 1999) ("There is no evidence that [the insured] provided notice of the occurrence to [the insurer], thereby triggering an obligation by [the insurer] to disclaim specifically based upon [the insured's] failure to provide timely notice."). Because Ina never provided notice of the potential claim, Mount Vernon never became obligated to disclaim coverage as to her.
 
 
 17
 The fact that Linton provided notice of Webster's lawsuit to Mount Vernon in May 2001 does not alter this conclusion. The policy unambiguously states that each insured has a duty to comply with the policy's notice requirements, regardless of whether the insured is the primary or secondary insured. See Travelers Ins. Co. v. Volmar Constr. Co., 300 A.D.2d 40, 752 N.Y.S.2d 286, 289 (1st Dept. 2002). When a policy so provides, the "notice provided by one insured in accordance with the policy terms will not be imputed to another insured." Id. at 289-90. Thus, in Volmar, the court found that the secondary insured's failure to notify the insurer of the occurrence relieved the insurer of its obligation to disclaim coverage as to the secondary insured, despite the fact that the primary insured had provided timely notice. See id. at 290. Moreover, an insurer's actual notice of a potential claim, such as the notice provided when a lawsuit is initiated against the insurer, also does not relieve the insured of her notice obligations. See id. at 289 (noting that insurer's receipt of pleadings in a lawsuit involving both insureds did not satisfy secondary insured's notice obligations with respect to the underlying occurrence). Thus, neither Linton's compliance with the notice provisions, nor Webster's initiation of this lawsuit against Mount Vernon, relieved Ina of her duty to provide notice on her own behalf. Mount Vernon's obligation to provide a disclaimer to Ina therefore never arose. See Roofing Consultants, 709 N.Y.S.2d at 783; Sayed v. Macari, 296 A.D.2d 396, 744 N.Y.S.2d 509, 511 (2d Dept. 2002); Moore v. Travelers Ins. Co., 289 A.D.2d 818, 734 N.Y.S.2d 717, 719 (3d Dept. 2001); Amer. Mfgrs. Mut. Ins. Co. v. CMA Enters. Ltd., 246 A.D.2d 373, 667 N.Y.S.2d 724, 725 (1st Dept. 1998); Heydt Contracting Corp. v. Amer. Home Assurance Co., 146 A.D.2d 497, 536 N.Y.S.2d 770, 773 (1st Dept. 1989).
 
 
 18
 The district court, relying on New York case law holding that an insurer's failure to disclaim coverage within a reasonable time estops it from denying coverage even if the insured herself failed to provide the insurer with timely notice of the accident or claim, concluded that Mount Vernon's failure to send a disclaimer to Ina rendered her failure to notify Mount Vernon irrelevant. See, e.g., Crowningshield v. Nationwide Mutual Ins. Co., 255 A.D.2d 813, 680 N.Y.S.2d 302 (3d Dept. 1998) (holding that insurer's failure to disclaim within a reasonable time rendered insured's failure to provide timely notice irrelevant); AllCity, 599 N.Y.S.2d at 245-46 (same); see also Gen. Acc. Ins. Group v. Cirucci, 46 N.Y.2d 862, 414 N.Y.S.2d 512, 387 N.E.2d 223 (1979) (requiring specificity as to grounds for disclaimer). The district court's reliance on these cases is misplaced. In these cases, the insured eventually provided notice to the insurer, triggering the insurer's duty under New York Insurance Law § 3420(d) to provide coverage or disclaim liability within a "reasonable time." Once the insurer became obligated to disclaim within a reasonable time, its failure to do so estopped it from later denying coverage, even though the insurer would have otherwise been entitled to deny coverage based on the insured's failure to give timely notice. See All City, 599 N.Y.S.2d at 245-46. Here, in contrast, Ina never notified Mount Vernon of the claim, and thus Mount Vernon never became obligated to disclaim coverage as to her within a reasonable time. See Dryden, 687 N.Y.S.2d at 506 (holding that insurer was not estopped from denying coverage, despite failure to disclaim, because the insured never gave notice of the occurrence). The district court therefore erred in relying on AllCity and its progeny.
 
 
 19
 This conclusion is buttressed by the fact that the reasonableness of the time period that an insurer takes to issue its disclaimer is judged with reference to the date on which the insurer has sufficient facts to allow a good faith disclaimer of coverage. See Volmar, 752 N.Y.S.2d at 290. As the Volmar court noted, an insurer can hardly be said to have sufficient facts to issue a disclaimer before the insured has provided notice, because the insurer has no reason to anticipate that an insured will seek coverage until it is actually so notified.[4] See id. ("[The insurer] did not become aware of facts sufficient to disclaim until plaintiffs demanded ... indemnification."). If an insurer were required to disclaim coverage even as to insureds who never notified the insurer of their intention to seek coverage, the insurer would be forced to undertake needless investigations to protect against the possibility that it could be required to provide coverage, despite the insured's noncompliance with the terms of the policy, in later litigation. Such a rule would simply result in raised premiums to cover the costs of defending against potential claims by those insureds who neglect to comply with the notice provisions of their policies.
 
 
 20
 The district court therefore erred in holding that Mount Vernon was estopped from denying coverage to Ina Grant. Because Ina never complied with the notice provisions of the policy, Mount Vernon never became obligated to disclaim coverage as to her and is not obligated to indemnify her against liability arising from Webster's accident. See Westinghouse Elec. Corp., 502 N.Y.S.2d at 422. Ina's rights under the policy therefore cannot serve as a basis for holding Mount Vernon liable under § 3420(a)(2).
 
 
 21
 II. Mount Vernon's Disclaimers As To Linton Grant and Webster
 
 
 22
 In his cross-appeal, Webster argues that the district court erred in holding that Mount Vernon validly disclaimed coverage as to Linton, and that Mount Vernon had no obligation to provide a disclaimer to Webster. Thus, Webster contends, even if Mount Vernon's liability cannot be premised on Ina's rights under the policy, Mount Vernon may be held liable based on its obligation to provide coverage to Linton, because it failed to provide valid disclaimers to Linton and Webster. The district court correctly rejected these arguments.
 
 A. Disclaimer As To Linton Grant
 
 23
 Webster first asserts that Mount Vernon failed to disclaim coverage to Linton within a reasonable time, as required by § 3420(d).[5] An insurer is obligated to give written notice of a disclaimer of coverage "as soon as is reasonably possible," N.Y. Ins. L. § 3420(d) (McKinney 2000), measured from the time that the insurer has sufficient information to disclaim coverage in good faith. See Ward v. Corbally, 207 A.D.2d 342, 615 N.Y.S.2d 430 (N.Y.A.D 2d Dept.). Thus, the delay occasioned by a "reasonably prompt, thorough, and diligent investigation of the claim" does not render the insurer's disclaimer untimely, because an investigation is often necessary to determine whether there is any basis for disclaiming coverage. See In re Prudential Property & Cas. Ins. Co., 213 A.D.2d 408, 623 N.Y.S.2d 336, 336 (N.Y.A.D. 2d Dept.1995); see also First Fin. Ins. Co. v. Jetco Contracting Corp., 1 N.Y.3d 64, 69, 769 N.Y.S.2d 459, 801 N.E.2d 835 (2003) (noting that good-faith investigation into claim often excuses delay in providing disclaimer).
 
 
 24
 Here, Mount Vernon's delay of twenty-two days in communicating its disclaimer to Linton was reasonable as a matter of law. Linton's notice of claim, provided to Mount Vernon on May 8, 2001, recounted the 1996 accident but did not indicate when Linton had learned of it. Mount Vernon therefore mounted an investigation to determine whether it could disclaim coverage based on Linton's failure to provide notice of the accident when he learned of it. The investigation took twenty-one days, and Mount Vernon sent its disclaimer on May 30, 2001, a day after it received the investigation report. The district court therefore correctly concluded that Mount Vernon's investigation was reasonably prompt, necessary, and undertaken in good faith, and thus Mount Vernon's disclaimer was not untimely.
 
 B. Disclaimer As To Webster
 
 25
 Webster next argues that even though he never notified Mount Vernon of his claim, Mount Vernon is estopped from denying coverage to Linton because it did not cite Webster's failure to give notice as an additional reason for disclaiming coverage in its disclaimer addressed to Linton. Webster relies on General Accident Ins. Group v. Cirucci, 46 N.Y.2d 862, 863-64, 414 N.Y.S.2d 512, 387 N.E.2d 223 (1979), which holds that an injured party may "seek recovery from an insured's carrier despite the failure of the insured to provide timely notice," and argues that Mount Vernon's disclaimer to Linton was deficient because it did not specifically state the grounds for disclaiming coverage as to both Webster and Linton. The district court correctly rejected this argument.
 
 
 26
 Mount Vernon's obligation to disclaim coverage as to Webster would have arisen only upon Webster's provision of notice of the occurrence. See Volmar, 752 N.Y.S.2d at 289-90. Because Webster never provided notice to Mount Vernon, the insurer was not required to address Webster's failure to provide notice in its disclaimer to Linton, nor was Mount Vernon obligated to send a separate notice of disclaimer to Webster.[6] See Agway Ins. v. Alvarez, 258 A.D.2d 487, 684 N.Y.S.2d 635, 636 (N.Y.A.D. 2d Dept.1999) ("[S]ince the [injured parties] never gave any notice to [the insurer] of the existence of [their claim], they may not rely upon the insured's notice to [the insurer] of the [claim] in support of an argument that [the insurer] should be estopped from disclaiming coverage on the [claim] due to [the insurer's] failure to directly notify the [injured parties] of the disclaimer."). Mount Vernon is therefore not estopped from denying coverage based on its failure to disclaim as to Webster.[7]
 
 CONCLUSION
 
 27
 For the foregoing reasons, the judgment of the district court is REVERSED with respect to its holding that Mount Vernon must indemnify Ina Grant for the portion of the state court judgment for which she is responsible. The district court's judgment is AFFIRMED as to its holdings that Mount Vernon is not obligated to indemnify Linton Grant and is not estopped from denying coverage because of its failure to disclaim as to Webster. The case is REMANDED to the district court for entry of judgment in favor of Mount Vernon and for consideration of Mount Vernon's request for costs and attorneys' fees.
 
 
 
 Notes:
 
 
 [1]
 The Grants failed to file a timely answer, and a default judgment was entered against them in February 2003. They later appeared through counsel and successfully moved to vacate the default judgment
 
 
 [2]
 Mount Vernon and Webster subsequently moved for reconsideration of the decision, but the court denied both motions
 
 
 [3]
 Mount Vernon raises various other arguments as to why it is not obligated to provide coverage to Ina, including a theory that it first asserted in its motion for reconsideration, that Webster did not establish that Ina was an "insured" under the policy with respect to the Webster accident. Because the policy provided that Ina was an insured only with respect to businesses of which Linton was the sole owner, and the school was jointly owned, Mount Vernon argues that Ina was not an insured under the policy, obviating any obligation to disclaim coverage as to her. In light of our holding that Mount Vernon's obligation to disclaim to Ina would have arisen only upon her compliance with the notice provisions, we need not reach these contentions
 
 
 [4]
 Here, for example, Mount Vernon's investigation explored only Linton's knowledge of the accident, because his notice of claim alerted the insurer only to the possibility that Linton himself would seek coverage. Without an investigation as to Ina's knowledge of the accident, Mount Vernon had no way of knowing when Ina learned of the accident. It is possible that she learned of it much later than Linton, so that had she given notice of claim in 2001, her notice would have been timely. Thus, Mount Vernon never obtained sufficient facts on which to issue a disclaimer as to Ina, because she never gave notice that she might seek coverage based on the accident
 
 
 [5]
 Webster also contends that Mount Vernon's disclaimer to Linton was invalid because the disclaimer notice failed to disclaim coverage to Ina as well. We need not reach this argument, however, in light of our holding that Mount Vernon was not obligated to disclaim coverage as to Ina
 
 
 [6]
 The cases cited by Webster in support of his argument all involve scenarios in which the injured party actually provided notice to the insurerSee Cirucci, 46 N.Y.2d at 864, 414 N.Y.S.2d 512, 387 N.E.2d 223; Mass. Bay Ins. Co. v. Flood, 128 A.D.2d 683, 513 N.Y.S.2d 182, 183-84 (N.Y.A.D. 2d Dept. 1987). These cases hold that where an injured party is the first to give notice of the claim, the insurer must provide a disclaimer to both the injured party and the insured. Where, however, the insured party gives notice and the injured party only later provides notice, the injured party's notice is "superfluous" and the insurer need not disclaim as to the injured party. Flood, 513 N.Y.S.2d at 183. These cases — and Webster's somewhat puzzling argument that his notice could not have been superfluous because he never provided it — are irrelevant, however, because they concern the scope of the insurer's obligation to the injured party after the injured party has triggered that obligation by providing notice. As it is undisputed that Webster never provided notice to Mount Vernon, this fact alone vitiates his contention that Mount Vernon was obligated to disclaim as to him.
 We note, however, that Webster suggested at oral argument, in direct contradiction of his argument in his briefs, that he did eventually provide notice to Mount Vernon through his complaint in this lawsuit. This argument is unavailing. In its answer to Webster's complaint, Mount Vernon disclaimed coverage on the ground that both Linton and Webster had failed to provide timely notice. Webster has not challenged the validity of that disclaimer.
 
 
 [7]
 In light of our conclusion that Mount Vernon is not liable for the state court judgment against the Grants, we need not address Webster's argument that the district court should have awarded prejudgment interest on the amount of the judgment