10-1362-cv
Travelers Indemnity v. Zeygermakher

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of June, two thousand eleven,

Present:     JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
             ROBERT D. SACK,
                     *Circuit Judges*.

_____

THE TRAVELERS INDEMNITY CO. OF AMERICA[1],

                                    *Appellee*,

            -v-                                              10-1362-cv

THE ESTATE OF YURI ZEYGERMAKHER, Decedent,
by his Administrator, ELIJAH SIDON, ELIJAH SIDON, Individually,

                                    *Appellant*,

SOUTHERN GASTRONOM CORPORATION, DBA SOUTHERN DELI,

                                    *Defendant*.

_____

_____

   [1]  We direct the Clerk of the Court to correct the caption as noted.

Appearing for Appellee:     Thomas A. Martin (James M. Strauss, Putney, Twombly, Hall & Hirson, LLP, *on the brief*), New York, N.Y.

Appearing for Appellant:    Kevin Lane (Howard A. Chetkof, Levin & Chetkof, LLP), Westbury, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Townes, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

The Estate of Yuri Zeygermakher, decedent, by his administrator, Elijah Sidon, and Elijah Sidon, individually (together, the "Estate"), appeals from the April 1, 2010 memorandum and order of the United States District Court for the Eastern District of New York (Townes, *J.*) finding Travelers Indemnity Co. of America had no duty to defend or indemnify Southern Deli with regard to the wrongful death suit or the judgment that Sidon secured against Southern Deli. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On September 11, 2003, Yeri Zeygermakher fell down open cellar doors at a premises operated by Southern Deli. Zeygermakher, heavily intoxicated at the time of his accident, died as a result of his injuries some eight months after his fall. On October 7, 2004, Elijah Sidon, as administrator of his son's estate, commenced a personal injury action against Southern Deli and Arvik Properties, Inc., the landlord. Service on Southern Deli was completed on October 12, 2004. Southern Deli tendered the lawsuit to Travelers on October 14, 2004. It is undisputed that prior to the lawsuit, no notice of the accident was ever given to Travelers.

On November 9, 2004, Travelers issued a letter to Southern Deli declining coverage on the grounds that Southern Deli failed to provide timely notice of the accident. On November 12, 2004, Travelers issued a supplemental declination letter to Southern Deli, again declining coverage and again offering a conditional defense. On November 12, 2004, Travelers also issued a separate declination letter to plaintiff, citing the policy's notice-of-occurrence provision.

Southern Deli never appeared in the personal injury action. The Estate moved for, and received, a default judgment totaling $1,707,613. The Estate demanded that Travelers satisfy the judgment. In response, Travelers commenced this action, seeking a declaration that it has no obligation to defend or indemnify Southern Deli, and no obligation to pay the judgment. The Estate counterclaimed to compel Travelers to pay the judgment**.**

The Estate primarily argues that Travelers' denial was untimely because (1) the November 9, 2004 and November 12, 2004 letters sent to Southern Deli without copying the Estate were invalid as a matter of law because they violate N.Y. Insurance Law § 3420(d); and (2) the November 12, 2004 letter sent to the Estate did not advise the Estate that coverage was being disclaimed because of Southern Deli's late notice, also violating Section 3420(d).

2

The district court found, and the parties do not seem to disagree, that Travelers' November 9, 2004 declination letter was timely as a matter of law. It is undisputed that Travelers did not receive notice of the accident until Southern Deli tendered the lawsuit on October 14, 2004. By October 25, 2004, Travelers obtained written statements from its insureds, and by November 9, 2004 Travelers disclaimed to Southern Deli. As a matter of law, then, the 26-day lapse between notice and disclaimer is timely.

The issue is whether Travelers' timely notice is undone by its failure to copy the Estate on the November 9, 2004 disclaimer letter. The Estate argues that Section 3420(d) requires that an insurer issue its disclaimer as soon as is reasonably possible. Thus, it argues, any disclaimer issued after the letter of November 9, 2004 is, as a matter of law, late notice. We disagree. Our Court has held that an insurer's obligation to disclaim as to an injured party arises when the injured party provides notice of the occurrence to the insurer. *Webster ex rel. Webster v. Mount Vernon Fire Ins. Co.*, 368 F.3d 209, 217-18 (2d Cir. 2004); *see also Agway Insurance v. Alvarez*, 258 A.D.2d 487, 488 (2d Dept. 1999). Here, it is undisputed that the Estate never provided Travelers with notice of the accident. Because Southern Deli was the first to provide notice, "the injured party's notice is superfluous and the insurer need not disclaim as to the injured party." *Webster*, 368 F.3d at 217 n. 6.

We have examined the remainder of the Estate's claims and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3