American Pipe & Tank Lining Co., Inc. v National Union Fire Ins. Co. of Pittsburgh, PA (2024 NY Slip Op 04594)

American Pipe & Tank Lining Co., Inc. v National Union Fire Ins. Co. of Pittsburgh, PA

2024 NY Slip Op 04594

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Webber, J.P., Kern, Oing, González, Rosado, JJ. 

Index No. 152057/22 595624/22 Appeal No. 2620 Case No. 2023-05169 

[*1]American Pipe & Tank Lining Co., Inc., Plaintiff,
v
National Union Fire Insurance Company of Pittsburgh, PA, et al., Defendants, Insurance Office of America, Inc., Defendant Appellant, Scottsdale Insurance Company, Defendant-Respondent.
Insurance Office of America, Inc., Third-Party Plaintiff-Appellant,
v
Ryan Services Group, LLC, et al., Third-Party Defendants.

London Fischer LLP, New York (Thomas A. Leghorn of counsel), for appellant.
Kennedys CMK LLP, New York (Ann M. Odelson of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about March 22, 2023, which granted defendant Scottsdale Insurance Company's motion for summary judgment declaring that it owed no duty to satisfy a judgment against plaintiff American Pipe & Tank Lining Co., Inc., and dismissing the complaint and cross-claims against it with prejudice, unanimously affirmed, without costs.
Defendant Insurance Office of America, Inc. (IOA) seeks reversal of the court's order granting codefendant Scottsdale's motion for summary judgment dismissing the complaint and cross-claims against Scottsdale with prejudice. The court properly granted Scottsdale's motion for summary judgment declaring that it owed no duty to satisfy a judgment against insured plaintiff. Scottsdale's policy required a notice of a claim to be given "as soon as practicable." Contrary to IOA's contention, its email chain regarding the judgment and an affidavit of a Scottsdale field consultant, who reviewed the company's business records, established, prima facie, that Scottsdale did not receive notice of the claim until after a verdict had already been rendered in the underlying action. There being no excuse for the delay, "an irrebuttable presumption of prejudice" applies (Insurance Law § 3420[c][2][B]; see Travelers Ins. Co. v Volmar Constr. Co., 300 AD2d 40, 42 [1st Dept 2002]). Nothing in the record raises a question of fact in opposition. IOA's argument that more discovery is needed as another party could have notified Scottsdale of the potential claim is speculative and thus should be rejected (see Flores v City of New York, 66 AD3d 599, 600 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024