Iroha Corp. v Kookmin Best Ins. Co. (2026 NY Slip Op 00014)

Iroha Corp. v Kookmin Best Ins. Co.

2026 NY Slip Op 00014

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Webber, J.P. SEQ CHAPTER \h \r 1, Friedman, Mendez, Shulman, Hagler, JJ. 

Index No. 650880/18|Appeal No. 5493|Case No. 2024-06358|

[*1]Iroha Corporation, Doing Business as Sake Bar Hagi, Appellant,
vKookmin Best Insurance Company, Formerly Known as Leading Insurance Group Insurance Co., LTD. (US Branch), et al., Respondents.

Law Office of John G. Aicher, Jr., Garden City (John G. Aicher, Jr. of counsel), for appellant.
Chartwell Law, New York (Linda Fridegotto of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered September 5, 2024, which denied plaintiff's motion for summary judgment declaring that defendant insurers had a duty to defend plaintiff in an underlying action, and granted defendants' cross-motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendants' cross-motion, and otherwise affirmed, without costs.
Plaintiff commenced this action for, among other things, a declaration that defendant insurers have a duty to defend it in an underlying negligence action. Plaintiff claims that on April 9, 2017, the attorney for Dylan Riley, the underlying plaintiff, sent a letter to plaintiff notifying it of an incident that occurred on or about May 28, 2014, in which Riley was allegedly injured on a stairwell on plaintiff's premises. Plaintiff notified defendant insurers of Riley's allegations in an email dated April 24, 2017. This was the first notice that plaintiff provided to defendants concerning Riley's incident. Riley commenced the underlying negligence action in April 2017.
The court should have denied defendants' cross-motion for summary judgment dismissing the complaint. The record presents questions of fact concerning when plaintiff was required to provide notice of the accident to defendant, and whether plaintiff's alleged delay was reasonable (see Travelers Ins. Co. v Volmar Constr. Co., 300 AD2d 40, 42-43 [1st Dept 2002]). The primary evidence relied upon to establish that plaintiff should have been on notice in 2014 was not in admissible form.
The record also presents questions of fact concerning whether defendants suffered any actual prejudice due to the alleged delay (Insurance Law § 3420[a][5], [c][2][C]; see Salvo v Greater N.Y. Mut. Ins. Co., 213 AD3d 587, 588 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026