■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Appellant, v MILDRED DAWSON et al., Respondents. — Judgment, Supreme Court, New York County (Greenfield, J.), entered May 8, 1981, which denied petitioner's appli-

cation to stay arbitration and directed petitioner to pay respondents counsel fees in the sum of $500 modified, on the law, without costs or disbursements, to strike the provision for counsel fees and, except as thus modified, affirmed. While we agree with the denial, without a hearing, of petitioner's application to stay arbitration, we find no justification for the award of counsel fees to respondents. Special Term's reliance upon *Mighty Midgets v Centennial Ins. Co.* (47 NY2d 12) as authority for the award is misplaced. As that court itself noted (pp 21-22) "[I]t has now long been the universal rule in this country not to allow a litigant to recover damages for the amounts expended in the successful prosecution or defense of its rights". Thus, an "insured cannot recover his legal expenses in a controversy with a carrier over coverage, even though the carrier loses the controversy and is held responsible for the risk". *(Sukup v State of New York,* 19 NY2d 519, 522; see *Johnson v General Mut. Ins. Co.,* 24 NY2d 42.) The court in *Mighty Midgets (supra,* at p 21) merely reiterated one of the recognized exceptions to the rule against awarding counsel fees to the prevailing party: "It is the rule in New York that such a recovery may not be had in an affirmative action brought by an assured to settle its rights * * * but only when he has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations * * * Essentially, the latter cases find support in the theory that an insurer's responsibility to defend reaches the defense of *any* actions arising out of the occurrence." In the instant case respondents served a demand for arbitration upon petitioner, Aetna Casualty & Surety Company, under an uninsured motorist indorsement attached to a policy which Aetna had issued to one of the respondents. Pursuant to CPLR 7503 (subd [b]) petitioner moved to stay arbitration on the ground that an issue of fact was presented as to whether a Liberty Mutual policy of liability insurance was in effect on the date of the accident. If it was, the arbitration proceeding would be aborted and petitioner relieved from any "uninsured motorist" liability. Thus, it was not petitioner but respondents who, by serving a demand to arbitrate (see CPLR 7503, subd [c]), took the initiative and brought CPLR article 75 into play. In moving to stay arbitration, petitioner was merely answering the demand by the only statutory means provided. Contrary to Special Term's finding it was thus cast in a defensive, not offensive, posture. A second, but more fundamental, reason exists to reject respondents' claim for counsel fees. As *Mighty Midgets (supra)* recognized, the grant of counsel fees to an insured when he is cast by his insurer in a defensive position in litigation has it genesis in the insurer's responsibility to defend, which "reaches the defense of *any* actions arising out of the occurrence." (47 NY2d, at p 21.) Respondents' claims are asserted under the uninsured motorist indorsement, which places on the insurer an obligation entirely separate from the liability provisions of the policy and the insurer's concomitant duty to defend. The concept of a "duty to defend" an insured has no part in uninsured motorist insurance. In fact, some of these respondents, while nominally qualified persons under petitioner's uninsured motorist indorsement, are neither a named insured nor an additional insured under the policy. Clearly the insurer is not required to defend them under any provision of the policy. What is essentially in dispute here is a contract claim. Absent statutory provision or a special agreement between the parties, an award of counsel fees is no more justified here than it would be in a dispute involving a sales contract or a lease. Nor would petitioner's lack of diligence in investigating the existence of insurance on the other vehicle justify the award of counsel fees. A forum in which to register that complaint is available. (See Insurance Law, §§ 40, 5.) Concur — Murphy, P. J., Sullivan, Carro and Lupiano, JJ.

Kupferman, J., dissents in part in a memorandum as follows: I dissent in part and would affirm.