### CROSS WESTCHESTER DEVELOPMENT CORPORATION, Plaintiff–Appellee,

v.

**Mario CHIULLI, Anthony Chiulli, Dennis Chiulli, Linda Chiulli Dimartino, Mario Schiavone, Jeffrey I. Klein, Sleepy Hollow Motor Court, Inc., Riccardo Development Corp., Riccardo Realty Corp., Mohawk Valley Land, Ltd., and Greenburgh Mountain Estates, Ltd., Defendants,**

**Mario Chiulli, Sleepy Hollow Motor Court, Inc., Riccardo Development Corp., Riccardo Realty Corp., and Mohawk Valley Land, Ltd., Defendants–Appellants.**

No. 83, Docket 89–7312.

United States Court of Appeals, Second Circuit.

Argued Sept. 15, 1989.

Decided Oct. 11, 1989.

David S. Poppick, White Plains (Robert S. Groban, Jr., Fink, Weinberger, Fredman, Berman, Lowell & Fensterheim, White Plains, N.Y., of counsel), for plaintiff-appellee.

Peter H. McCallion, Ossining, N.Y., for defendants-appellants.

Before WINTER, MINER, and ALTIMARI, Circuit Judges.

PER CURIAM:

Five of the defendants appeal from Judge Goettel's order granting plaintiff's motion for voluntary dismissal without prejudice under Fed.R.Civ.P. 41(a) of its federal racketeering claims brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68 (1982 & Supp. V 1987). The district court granted the dismissal to allow plaintiff Cross Westchester Development Corporation ("Cross Westchester") to reassert those claims in related state court cases pursuant to a recent decision of the New York Court of Appeals, *see Simpson*

*Elec. Corp. v. Leucadia, Inc.,* 72 N.Y.2d 450, 455, 530 N.E.2d 860, 862, 534 N.Y.S.2d 152, 154 (1988) (holding that New York state courts have concurrent jurisdiction over civil RICO claims). The district court further ordered that appellants "waive" any statute of limitations defenses to the RICO claims to be reasserted by Cross Westchester in state court. We believe the imposition of that "waiver" to be error and reverse because Cross Westchester has informed us that it does not desire dismissal unless appellants are barred from raising a statute of limitations defense.

Fed.R.Civ.P. 41(a)(2) provides that in granting a plaintiff's motion for voluntary dismissal the district court may impose "such terms and conditions as the court deems proper." *See generally* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2366 (1971); 5 J. Moore, *Moore's Federal Practice* ¶ 41.06 (2d ed.1988). The purpose of authorizing terms and conditions on a voluntary dismissal is to protect the defendant from prejudice. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2366, at 177 (1971) (terms and conditions that may be imposed upon the granting of motion for voluntary dismissal are for protection of nonmoving party); *see also GAF Corp. v. Transamerica Ins. Co.,* 665 F.2d 364, 367 (D.C.Cir.1981). No authority exists, however, to grant dismissals under Rule 41(a)(2) and to order a defendant opposing such dismissal to limit its defenses in subsequent actions. The authority relied upon by the district court, *In re Union Carbide Corp. Gas Plant Disaster,* 809 F.2d 195, 203–04 (2d Cir.), *cert. denied,* 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1987), is entirely distinguishable. In that case, a defendant sought a dismissal on forum non conveniens grounds. Because such a dismissal might force the plaintiffs to begin new litigation after the statute of limitations had run, the dismissal was conditioned upon a waiver of the limitations period by the *moving* party so as to avoid prejudice to the plaintiffs. Plainly, that reasoning does not support

imposition of a "waiver" on a party *opposing* dismissal under Rule 41(a)(2).

Because there is no authority for the imposition of such a "waiver," we need not examine whether a statute of limitations defense would prevail in the state court.[1] It is not for us to anticipate the state court's rulings. It was, therefore, error for the district court to impose such a "waiver," and we must vacate that portion of the order.

Because it appeared that the motion to dismiss contained a request for the "waiver," we inquired of Cross Westchester's counsel at oral argument whether it would still desire dismissal if the "waiver" order were vacated. He has indicated in a letter to us that Cross Westchester does not desire Rule 41(a)(2) dismissal without the "waiver" condition. In effect, therefore, both parties now ask that the dismissal order be reversed.

Reversed.

---

**1.** Some appellants had raised a statute of limitations defense in this, the federal action. Others had not.