■ ALICE J., Plaintiff, v JOSEPH B., Also Known as JOEY B., Defendant and Third-Party Plaintiff-Respondent. BERKSHIRE MUTUAL INSURANCE COMPANY, Third-Party Defendant-Appellant. [604 NYS2d 419] —Judgment unanimously modified on the law and as modified affirmed with costs to Joseph B. and judgment granted in accordance with the following Memorandum: Failure of an insurer to give written notice of disclaimer of liability or denial of coverage to the insured "as soon as is

reasonably possible" precludes effective disclaimer or denial (Insurance Law § 3420 [d]; *Zappone v Home Ins. Co.,* 55 NY2d 131; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). Although third-party defendant Berkshire Mutual Insurance Company (Berkshire) was notified by third-party plaintiff Joseph B. of his claim for coverage under its policy on April 21, 1989, it did not send a notice of disclaimer until June 14, 1989. The complaint alleged the transmission of a communicable disease as the basis for the causes of action asserted against Joseph B. The basis for Berkshire's disclaimer of liability was a communicable disease exclusion set forth in the policy of insurance. Therefore, Berkshire had sufficient facts to disclaim almost two months before giving the required notice; the delay is unreasonable as a matter of law *(see, Hartford Ins. Co. v County of Nassau, supra,* at 1029; *Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547, 548).

Supreme Court should have declared the rights of the parties *(see, St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.,* 20 NY2d 317, 325; *Pless v Town of Royalton,* 185 AD2d 659, 660, *affd* 81 NY2d 1047). We modify the judgment to declare that Berkshire is obligated to defend and indemnify third-party plaintiff Joseph B. with respect to the action brought against him by plaintiff Alice J. (Appeal from Judgment of Supreme Court, Oswego County, Nicholson, J.—Summary Judgment.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.