■ ALLEGANY CO-OP INSURANCE COMPANY, Appellant, v BEATRICE WILLIAMS, Doing Business as BEA's MART, et al., Respondents. [628 NYS2d 900] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff insurer commenced this action for judgment declaring that the policy of insurance issued to defendant Beatrice Williams, doing business as Bea's Mart, was rescinded, that the policy was null and void *ab initio,* and that it had no obligation to indemnify or to defend Williams further with respect to a personal injury lawsuit filed against her by defendant James L. Neely and that it may withdraw from the defense of that lawsuit. Williams and Neely moved for dismissal of the complaint and/or a declaration that plaintiff is obligated to defend and indemnify Williams up to the policy limits in the underlying lawsuit.

Contrary to the contention of plaintiff, Insurance Law § 3420 (d) by its very terms applies to this case. Furthermore, upon our review of the record, we conclude that plaintiff failed to disclaim liability or deny coverage as soon as is reasonably possible, as required by Insurance Law § 3420 (d) *(see, Alice J. v Joseph B.,* 198 AD2d 846, 846-847). Plaintiff had sufficient facts to disclaim approximately nine months before it gave the required notice. That delay is unreasonable as a matter of law *(see, Alice J. v Joseph B., supra; see also, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029; *Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547, 548). Thus, Supreme Court properly granted judgment in favor of Williams declaring that plaintiff is required to defend and indemnify Williams in the underlying lawsuit. Because this is a declaratory judgment action, the court erred, however, in granting in their entirety the motions of Williams and Neely, thereby dismissing the complaint *(see, Tumminello v Tumminello,* 204 AD2d 1067). We modify the judgment on appeal, therefore, by granting in part the motions of Williams and Neely and by reinstating that part of the complaint seeking a declaratory judgment.

The court properly awarded costs and attorney's fees to Williams because she was cast in a defensive posture by plaintiff's commencement of this declaratory judgment action *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21).

We have considered the remaining contentions raised by plaintiff and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.— Declaratory Judgment.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.