■ EDWARD HOLMES et al., Plaintiffs, v MORGAN GUARANTY AND TRUST COMPANY OF NEW YORK et al., Defendants and Third-Party Plaintiffs and Second Third-Party Plaintiffs-Respondents, et al., Third-Party Defendant. NORTHBROOK PROPERTY AND CASUALTY COMPANY, Second Third-Party Defendant-Appellant. (And a Third Third-Party Action.) [636 NYS2d 778] —Order of the Supreme Court, Bronx County (Alan J. Saks, J.), entered May 25, 1994 which, insofar as appealed from, granted defendants' cross motion for summary judgment and directed second third-party defendant Northbrook Property and Casualty Company to defend the defendants in the underlying personal injury action, unanimously reversed, on the law, the cross motion denied, and the cross motion of second third-party defendant Northbrook, for summary judgment declaring that it has no obligation to furnish defendants with representation in this matter, granted, without costs.

Plaintiff Edward Holmes brought this action against defendants Tishman Construction Corp., the general contractor, and Morgan Guaranty and Trust Company, the owner of the premises, for injuries sustained while he was employed by Arc Electrical Construction Co., a subcontractor on the project. Defendants brought a third-party action against the subcontractor. They commenced a second third-party action, as additional insureds under an insurance policy issued by Northbrook to the subcontractor, for a judgment declaring that the carrier is obligated to defend and indemnify defendants. The

underlying personal injury action was commenced in August 1990. The issue presented by this appeal is whether defendants' failure to give notice of plaintiff's accident to Northbrook until June 1991 violates the condition of the policy that notice shall be given to the carrier "as soon as practicable".

Defendants do not deny that they waited some 10 months before forwarding the litigation papers to Northbrook. Defendants' assertion that Northbrook refused "several requests" to take over the defense in the underlying action and their conclusion that someone must have independently told Northbrook about plaintiff's accident are completely unsubstantiated. They offer no excuse for the delay, citing merely the "time required for ordinary litigation and investigation procedures", and they contend that no prejudice has been demonstrated by the insurer.

"Compliance with a proper notice-of-claim provision in an insurance policy is a condition precedent to all of an insurer's duty under the policy, including the duty to defend * * * and the insurer need not show prejudice before it can assert the defense of noncompliance" (*Town of Smithtown v National Union Fire Ins. Co.*, 191 AD2d 426, 427). "A provision that notice be accorded 'as soon as practicable' mandates that notice be given within a reasonable time under the circumstances" (*Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497, 498, *lv dismissed* 74 NY2d 651). Defendants have failed to meet their burden to demonstrate that the lengthy delay in providing notice to the carrier was reasonable (*supra*). Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Nardelli, JJ.