NATIONWIDE MUTUAL INSURANCE
COMPANY, Plaintiff,

v.

Jennifer Daly WELCH, Defendant.

No. 97 Civ. 2474(DLC).

United States District Court,
S.D. New York.

Dec. 5, 1997.

Michael P. Murphy, Aidan M. McCormack, Stephen A. Aschettino, Hodgson, Russ, Andrews, Woods & Goodyear, LLP, New York City, for Plaintiff.

Kevin Lane, Silwa & Lane, Buffalo, NY, for Defendant.

## MEMORANDUM OPINION & ORDER

COTE, District Judge.

On April 8, 1997, the plaintiff, Nationwide Mutual Insurance Company ("Nationwide") filed this action seeking a declaratory judgment that it had no duty to indemnify or defend defendant Jennifer Daly Welch ("Welch") in connection with a lawsuit against her in state court arising out of an automobile accident in which she was involved. Welch was served on April 8 but did not file or serve an answer within the time required by the Federal Rules of Civil Procedure. On July 9, 1997, the Court issued an order to show cause giving Welch an opportunity to appear in Court on August 1, 1997, to show cause why the Court should not enter a default judgment against her. Welch retained counsel, who served papers in opposition to the motion for entry of a default judgment. Those papers included as an attachment a copy of the answer that Welch intended to file. Ultimately, having granted extensions requested by counsel, the Court heard argument on September 5, 1997, and denied the motion for entry of a default judgment and plaintiff's cross motion to require Nationwide to pay Welch's attorney's fees should she choose her own counsel to defend the underlying action. In declining to enter a default judgment, the Court construed the insurance contract language at issue in this case and rejected completely the plaintiff's reading of the contract.

On September 11, 1997, Nationwide submitted a notice of voluntary dismissal pursuant to Rule 41(a)(1)(i), Fed.R.Civ.P., which this Court signed on September 15, 1997. Thereafter, on September 29, 1997, Welch filed the instant motions to vacate the dismissal, to enter summary judgment on her behalf, and for attorney's fees. Nationwide is no longer contesting its obligation to de-

fend and indemnify, and opposes each of the motions.

■ Turning first to the motion for summary judgment, even if it were appropriate to vacate the dismissal of this action, it would not be appropriate to enter summary judgment for Welch in this action at this time. As this Court's Opinion of September 5 recognized, certain issues raised in this litigation might require discovery. Consequently, any motion for summary judgment is likely premature. More importantly, since Nationwide is no longer contesting its duty to defend and indemnify Welch, there is no justifiable controversy before this Court. U.S. Const. Art. III, § I. *See also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559–60, 112 S.Ct. 2130, 2135–36, 119 L.Ed.2d 351 (1992). It is this point which also made it appropriate for this Court to grant the application for dismissal—whether or not Welch had effectively served her answer before the September 15 dismissal. In essence, there is no longer any case or controversy to be litigated before this Court. Thus, the parties' debate about whether the copy of a proposed answer which was included in Welch's papers and served in opposition to the motion for a default can constitute the service of an answer is not dispositive. Had the answer been effectively served and had Nationwide thereafter moved over Welch's objection to dismiss the action, the application would have been granted pursuant to Rule 41(a)(2), Fed. R.Civ.P. *See Cross Westchester Development Corp. v. Chiulli et al.,* 887 F.2d 431, 431–32 (2d Cir.1989) (per curiam) (recognizing that, under Fed.R.Civ.P. 41(a)(2), the district court may order a voluntary dismissal even where issue has been joined by a defendant).

■ Turning to Welch's claim for attorney's fees, even if this case were properly still before me, I would decline to award her attorney's fees. As a general matter, Welch has no right to recover the attorney's fees incurred from the defense of this declaratory judgment action since Nationwide never abandoned its duty to defend in the underlying state court action. *Safeguard Ins. Co. v. Angel Guardian Home,* 946 F.Supp. 221, 233 (E.D.N.Y.1996); *Great Northern Ins. v. Dayco Corp.,* 637 F.Supp. 765, 787–88 (S.D.N.Y.

1986). While Welch argues that this Court should reject these precedents in favor of the rule described in *Mighty Midgets Inc. v. Centennial Ins. Co.,* 47 N.Y.2d 12, 416 N.Y.S.2d 559, 389 N.E.2d 1080 (1979) and, more recently, in *U.S. Underwriters Ins. Co. v. Mesiftah Eitz Chaim of Bobov,* 210 A.D.2d 218, 620 N.Y.S.2d 5 (2d Dep't 1994), I am not persuaded that either precedent actually dictates a contrary conclusion. For the reasons described by Judge Pollack in *Great Northern,* I do not read the language at issue in *Mighty Midgets* to control. Moreover, my duty is to predict how the New York Court of Appeals would rule if faced today with the precise issue presented by Welch's motion. *Jacobson v. Fireman's Fund Ins. Co.,* 111 F.3d 261, 267 (2d Cir.1997). While the opinions issued by the various courts of the Appellate Division may be of significant assistance in making that prediction, *Travelers Ins. Co. v. 633 Third Assocs.,* 14 F.3d 114, 119 (2d Cir.1994), I do not find that the Second Department's ruling in *Mesiftah,* which contained no analysis of the issue, provides much guidance. Given the strong policy reasons against adopting a rule of law that would reduce the incentives for insurance companies to defend in the underlying tort actions and that would likely shift the burden of obtaining a declaratory judgment from the insurance company to the insured, I believe that if faced with the question presented here, the New York Court of Appeals would follow the rule described in *Safeguard* and *Great Northern.*

Thus, while it may, as Welch argues, have been inappropriate for Nationwide to require Welch to defend a motion for a default judgment once she appeared in this action through counsel and explained the circumstances surrounding her initial failure to answer, this fact alone does not warrant the imposition of attorney's fees. As noted, there is no general right for a prevailing defendant in this action to obtain attorney's fees. The litigation of the default motion in effect allowed this Court to reach the merits of the gravamen of this dispute, that is, the interpretation of certain insurance contract provisions, at an earlier point in the litigation and with less expense to each of the parties

than may otherwise have been the case. Thereafter, Nationwide promptly indicated its intention to discontinue this action, to continue to defend Welch fully in the state court proceeding, and to forego any further effort to escape the duties to defend and indemnify. In these circumstances, Welch is not entitled to attorney's fees.

*Conclusion*

The motions by the defendant to vacate the dismissal of the action and to grant her summary judgment and attorney's fees are denied.

SO ORDERED.