■ AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY et al., Appellants-Respondents, v CMA ENTERPRISES, LTD., Respondent-Appellant, and PACIFIC INSURANCE COMPANY, Respondent, et al., Defendants. [667 NYS2d 724] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered December 18, 1996, declaring that defendant-respondent insurer Pacific Insurance Company has no duty to defend or indemnify plaintiffs in the underlying action, unanimously affirmed, with costs.

Plaintiffs' first notice to Pacific Insurance Company of the underlying claim was given in their summons and complaint in this declaratory judgment action, served nine months after the commencement of the underlying action and two years after plaintiffs first learned of the property damage asserted in the underlying action, a delay that was unreasonable as a matter of law and relieved Pacific of any obligation to defend and indemnify plaintiffs (see, Holmes v Morgan Guar. & Trust Co., 223 AD2d 441; Heydt Contr. Corp. v American Home Assur. Co., 146 AD2d 497, lv dismissed 74 NY2d 651). Pacific's assertion of untimely notice as a defense in its answer constituted timely notice of disclaimer (see, Thomson v Power Auth., 217 AD2d 495, 497). Since plaintiffs, owners of the covered property and additional insureds under the policy, had an independent obligation to give timely written notice of the claim against them, it is irrelevant whether Pacific acquired actual knowledge of the occurrence from defendant CMA Enterprises, Ltd., which was the primary insured, or from another source, and thus further disclosure would serve no useful purpose and the award of summary judgment was not premature (see, Heydt Contr. Corp. v American Home Assur. Co., supra, at 499). We note the mistaken references in the IAS Court's decision underlying the judgment to defendant CMA Enterprises, instead of plaintiff additional insureds, Lucille Roberts Health Club and affiliates, and do not anticipate that such will cause any future confusion. Concur—Rosenberger, J. P., Nardelli, Andrias and Colabella, JJ.