■ UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, v NEW YORK, SUSQUEHANNA AND WESTERN RAILWAY CORP., Appellant. [716 NYS2d 181] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff commenced this declaratory judgment action seeking reimbursement from defendant for amounts it expended in the defense and indemnification of defendant in the underlying personal injury action. Supreme Court erred in denying defendant's motion seeking the attorney's fees and costs incurred in defending this action. By commencing this action, plaintiff has "cast [defendant] in a defensive posture by the legal steps [plaintiff has taken] in an effort to free itself from its policy obligations" (*Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21), and thus defendant is entitled to recover from plaintiff the attorney's fees and costs incurred in defending this action (*see, Allegany Co-op Ins. Co. v Williams,* 216 AD2d 894, 895, *lv denied* 87 NY2d 806; *see also, Reliance Ins. Co. v National Union Fire Ins. Co.,* 262 AD2d 64, 66; *Mohawk Minden Ins. Co. v Ferry,* 251 AD2d 846, 849; *Sphere Drake Ins. Co. v Block 7206 Corp.,* 237 AD2d 427, 428; *U.S. Liab. Ins. Co. v Staten Is. Hosp.,* 162 AD2d 445, 447). The fact that plaintiff initially paid the cost of defendant's defense in the underlying action is of no moment. "[A]n insurer's responsibility to defend reaches the defense of *any* actions arising out of the occur-

rence" (*Mighty Midgets v Centennial Ins. Co., supra*, at 21 [emphasis in original]), including a declaratory judgment action such as this commenced by the insurer (*see, Chase Manhattan Bank v Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005*, 258 AD2d 1, 5). We therefore reverse the order insofar as appealed from, grant defendant's motion and remit the matter to Supreme Court to determine the amount of the attorney's fees and costs to which defendant is entitled (*see, U.S. Liab. Ins. Co. v Staten Is. Hosp., supra*, at 447). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Counsel Fees.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Balio, JJ.