## U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff–Appellant–Cross–Appellee,

v.

## CITY CLUB HOTEL, LLC, Shelby Realty, LLC, Forthright Development, LLC, Metropolitan Hotels, LLC, Stephen Brighenti and Jonathan P. Zambetti, Defendants–Appellees–Cross–Appellants,

and

## Marek Szpakowski and Agnes Szpakowski, Defendants–Appellees.

Docket Nos. 03–7533(L), 03–7543(XAP).

United States Court of Appeals, Second Circuit.

Argued: Jan. 28, 2004.

Decided: April 23, 2004.

Steven Verveniotis, Miranda & Sokoloff, LLP (Jason B. Gurdus, on the brief), Mi-

neola NY, for Plaintiff–Appellant–Cross–Appellee.

Mark J. Bunim, Bryan Cave LLP (Alan Garten, of counsel), New York NY, for Defendants–Appellees–Cross–Appellants.

Gail S. Kellner, Kellner & Kellner, New York NY, for Defendants–Appellees (on submission).

Before: NEWMAN, KEARSE, and CALABRESI, Circuit Judges.

CALABRESI, Circuit Judge.

On April 27, 2000, Marek Szpakowski, a construction worker employed by City Club Hotel, LLC, fell and sustained serious injuries when the scaffolding he was standing on snapped. City Club was a tenant on the subject premises, and performing renovation work pursuant to a lease with the property owner, Shelby Realty, LLC ("Shelby"). U.S. Underwriters Insurance Company ("Underwriters") had issued a general commercial liability insurance policy ("the policy") to Shelby and City Club, as "Named Insureds," in connection with renovation work that City Club was undertaking. The policy specified that the members of any insured limited liability company were insured under the policy, "but only with respect to the conduct of [that insured limited liability company's] business." Defendants–Appellees–Cross–Appellants Metropolitan Hotels, LLC ("Metropolitan"), and Forthright Development, LLC ("Forthright") are both members of City Club.

Mr. Szpakowski retained counsel, who informed Shelby, by letter dated July 10, 2000, that the firm had "been retained to pursue [Szpakowski's claim] for personal injuries sustained as a result of [Shelby's] negligence on April 27, 2000." The letter also requested that Shelby refer the letter immediately to its insurer. Shelby forwarded this letter, through a series of intermediaries, to Underwriters. What Underwriters ultimately received was a "General Liability Notice of Occurrence / Claim" form identifying the policy number and listing City Club as the "Insured." Attached to that form was a copy of the letter that Szpakowski's counsel had sent to Shelby informing Shelby that it might be sued.

Underwriters confirmed receipt of the claim on July 18, 2000. In doing so it identified City Club and Shelby as "Our Insured." In addition, on or about July 20, 2000, City Club's manager sent a letter to Underwriters' parent company, U.S. Liability Insurance Group, referring to the "claim by Marek Szpako[w]ski against City Club Hotel, LLC, and/or our landlord Shelby Realty, LLC." The letter reiterated that Szpakowski had filed a claim against Shelby, informed the insurer that Szpakowski was collecting workers' compensation payments, and indicated that City Club would, subject to Underwriters' approval, soon discontinue certain supplemental payments made to Szpakowski.

Around the same time, Underwriters retained J & N Investigation and Claim Service ("J & N") to look into the accident. Underwriters informed J & N that it provided insurance to City Club and Shelby, and instructed J & N, *inter alia*, to contact the Named Insured, to obtain copies of any lease agreements involved in the claim, and to incorporate the claimant's employment status in a signed statement. In a report dated August 9, 2000, J & N confirmed that the insured premises was owned by Shelby and leased by City Club, that City Club and Shelby were both Named Insureds under the policy, that Szpakowski was an employee of City Club, and that City Club was a limited liability company.

In November 2000, Szpakowski and his wife filed an action for damages in the

New York Supreme Court, asserting claims against Shelby, Metropolitan, and Forthright under various state labor and industrial laws.[1] *Szpakowski v. Shelby Realty, LLC,* No. 123412–00 (N.Y. Sup.Ct., filed Nov. 16, 2000) ("the personal injury action"). A copy of the verified complaint was sent to Underwriters on or about December 13, 2000. By letter dated December 20, 2000, Underwriters disclaimed coverage of City Club and Shelby, quoting the Employee Exclusion clause of the insurance policy,[2] and copying the letter to Metropolitan and Forthright.

In September 2002, Underwriters brought this action in the United States District Court for the Southern District of New York (Buchwald, J.), asserting diversity jurisdiction, and seeking a declaratory judgment that it has no duty to defend or indemnify Shelby, City Club, Forthright, and Metropolitan, or Stephen R. Brighenti and Jonathan P. Zambetti (corporate officers of Metropolitan and Forthright, respectively, and guarantors of the lease between Shelby and City Club) in the personal injury action.[3] Underwriters subsequently moved for summary judgment, as did the defendants, who principally asked (i) that the plaintiff's complaint be dismissed with prejudice as to Shelby, Forthright, and Metropolitan, on the grounds that Underwriters' disclaimer

of coverage was untimely; (ii) that, as regards Shelby, the complaint, alternatively, be dismissed with prejudice on the merits, because the exclusionary clause in the insurance policy did not apply to Shelby; (iii) that the complaint against City Club, Brighenti, and Zambetti be dismissed "because they are not asserting a claim for coverage against Plaintiff"; (iv) that the court declare Underwriters obligated to defend and indemnify Shelby with respect to the personal injury action; and (v) that Defendants be awarded their attorneys' fees, costs, and expenses in defending against the declaratory action.

The district court granted summary judgment to the defendants on the issue of disclaimer of coverage, but denied the defendants any attorneys' fees. Underwriters now appeals the issue of its liability under the policy, and the defendants cross-appeal, seeking to reverse the judgment denying them attorneys' fees. We deal first with Underwriters' responsibilities to the defendants under the policy, and subsequently with the question of attorneys' fees.

## I. DISCLAIMER OF COVERAGE

 Under New York law, an insurer must notify an insured as "soon as is reasonably possible" of its intention to disclaim coverage for bodily injury under a

---

**1.** City Club itself was not sued, presumably because such a suit would likely be barred under New York's worker's compensation statute.

**2.** The relevant part of that provision of the policy states that the insurance does not apply to:

> bodily injury to any employee of any insured, to any contractor hired or retained by or for any insured or to any employee of such contractor, if such claim for bodily injury arises out of and in the course of his employment or retention of such contractor by or for any insured, for which any in-

sured may become liable in any capacity . . . .

Underwriters has never sought to disclaim coverage of Shelby, or of any other defendants, on the grounds of untimely notice.

**3.** The exact wording of Underwriters' complaint disclaimed liability to defend or indemnify any of the defendants "in the Underlying Personal Injury Action," identified as *Marek Szpakowski and Agnes Szpakowski v. Shelby Realty, LLC, Forthright Development Company, LLC, and Metropolitan Hotels, LLC,* No. 123412–00 (N.Y. Sup.Ct., filed Nov. 16, 2000). (Pl. Complaint at 8–9).

policy. N.Y. Ins. Law § 3420(d). "A failure by the insurer to give such notice as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage, precludes effective disclaimer or denial." *Hartford Ins. Co. v. County of Nassau*, 46 N.Y.2d 1028, 1029, 416 N.Y.S.2d 539, 389 N.E.2d 1061 (1979). We measure the reasonableness of the delay "from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage." *Allcity Ins. Co.*, 78 N.Y.2d 1054, 1056, 576 N.Y.S.2d 87, 581 N.E.2d 1342 (1991); *see also Allstate Ins. Co. v. Gross*, 27 N.Y.2d 263, 268, 317 N.Y.S.2d 309, 265 N.E.2d 736 (1970) ("time for notice should be measured from the moment the insurer first learns of the accident or of grounds for its disclaimer and not from the time when it chooses to disclaim").[4] "[W]here the grounds for disclaimer are not readily apparent, an insurer must be given reasonable time to adequately investigate a claim in order to determine whether it wishes to disclaim coverage," *U.S. Underwriters Ins. Co. v. Roka, LLC*, No. 99–CIV–10136, 2000 WL 1473607, at * 5 (S.D.N.Y.2000), but the insurer also has an obligation to engage in a "reasonably prompt, thorough, and diligent investigation of the claim," *Prudential Prop. & Cas. Ins. Co.*, 213 A.D.2d 408, 408, 623 N.Y.S.2d 336 (N.Y.App. Div.2d Dep't 1995).

■ Lastly, "[a]n insurer who delays in giving written notice of disclaimer bears the burden of justifying the delay." *First Fin. Ins. Co. v. Jetco Contracting Corp.*, 1 N.Y.3d 64, 69, 769 N.Y.S.2d 459, 801 N.E.2d 835 (2003). While "[n]ormally the question whether a notice of disclaimer of liability or denial of coverage has been sent 'as soon as is reasonably possible' is a question of fact which depends on all the facts and circumstances, especially the length of and the reason for the delay," in the "exceptional case" this question may be decided without the benefit of a jury. *Hartford Ins. Co.*, 46 N.Y.2d at 1030, 416 N.Y.S.2d 539, 389 N.E.2d 1061. And New York courts have concluded that an unexcused delay of 48 days or longer is unreasonable as a matter of law. *First Financial*, 1 N.Y.3d at 70, 769 N.Y.S.2d 459, 801 N.E.2d 835; *see also Hartford Ins. Co.*, 46 N.Y.2d at 1029, 416 N.Y.S.2d 539, 389 N.E.2d 1061 (two month delay of disclaimer unreasonable as a matter of law).

■ Applying this law to the facts before us, we hold, first, that the district court was correct to dismiss Underwriters' complaint as regards City Club, Brighenti, and Zambetti, on the grounds that none of these defendants seek coverage under the policy. Indeed, none are being sued in the personal injury action that is the subject of this disclaimer suit.

*a. Shelby*

■ We further agree with the district court that Underwriters gave inexcusably late notice, as a matter of law, of its intention to disclaim coverage of Shelby. In July 2000, Underwriters received notice that Szpakowski was bringing a claim against Shelby, and that Szpakowski was employed by City Club. It was therefore in July—or at the latest, August, when it received the J & N report—that Under-

---

4. Underwriters cites various Appellate Division cases that might be read to narrow these holdings. But after the Appellate Division decisions, the New York Court of Appeals restated its position in the same broad terms as previously. *See First Fin. Ins. Co. v. Jetco Contracting Corp.*, 1 N.Y.3d 64, 68–69, 769 N.Y.S.2d 459, 801 N.E.2d 835 (2003) ("[T]imeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage." (internal quotation marks omitted)).

writers "first learn[ed] of the grounds for disclaimer of liability or denial of coverage." *Allcity*, 78 N.Y.2d at 1056, 576 N.Y.S.2d 87, 581 N.E.2d 1342. Nonetheless, it waited four or five months longer to disclaim coverage.

■ Underwriters contends that it could not disclaim sooner because it did not have proper notice of Shelby's claim until December 13, 2000, when it received the verified complaint in the personal injury action. We are not persuaded. Although the Notice of Claim form that was filed in July 2000 listed City Club as the "insured," attached to that form was the letter from Szpakowski's attorney, addressed only to Shelby, and clearly indicating that a claim was being asserted against Shelby. This was sufficient to fulfill Shelby's contractual requirement to "see to it" (as the policy put it) that Underwriters was notified of the claim.[5]

Underwriters further argues that it did not have enough information to disclaim coverage of Shelby until December, because it was not aware until it received the verified complaint that there was a "contract" between Shelby and City Club for the renovations—namely, the lease between the two parties, which included several provisions related to the construction. This argument is unavailing. Throughout this suit, Underwriters has relied upon two grounds for disclaimer of Shelby, both derived from the employee exclusion clause in the policy. Underwriters contends that the clause excludes from coverage bodily injury (a) to "any employee of any insured," and that Szpakowski is an employee of an insured (City Club), and (b) to "any employee of [any] contractor" of any insured, and that the lease makes City Club the "contractor" of Shelby for the purposes of this clause. As we noted above, Underwriters was in possession of all of facts necessary for their first ground of disclaimer in July or August of 2000. And although New York courts have expressed concern that "[p]iecemeal denials of coverage would frustrate [the insurer's] right to investigate claims," *Wilczak v.*

---

**5.** We find two additional facts particularly telling in this regard. Underwriters' own Claims Examiner attested in an affidavit that the initial notice gave "inconsistent" information about whether the claim was being made by City Club or Shelby. Inconsistent information is information nonetheless, and, as the district court noted, nothing in the record suggests that Underwriters made any attempt to contact Shelby to clear up any uncertainty Underwriters may have had. Second, Underwriters learned nothing from the December complaint that it did not already know from its own investigation: Both revealed that Shelby was being sued, and that it was a Named Insured under the policy in question. If the forwarding of the December complaint was sufficient to notify the insurer of the claim, so too was the forwarding of the July 10 letter asserting that such a complaint was forthcoming, especially when this letter is coupled with the August 9 investigative report from J & N.

Quite apart from these facts, the district court concluded that Shelby was under no obligation to provide independent notice of its claim to Underwriters, and that it was entitled to rely upon City Club's notice, because both companies were "primary co-insureds" under the policy, and there was no indication that they were seeking coverage separately. It thereby distinguished this case from those in which New York courts have required independent notice of claim, for example, where an "additional insured" sought to rely upon notice given by a primary insured, *see, e.g., American Mfrs. Mut. Ins. Co. v. CMA Enters.*, 246 A.D.2d 373, 373, 667 N.Y.S.2d 724 (N.Y.App. Div.3d Dep't 1998), or where a primary insured sought to rely upon notice proffered by an additional insured, *see, e.g., Roofing Consultants, Inc. v. Scottsdale Ins. Co.*, 273 A.D.2d 933, 933, 709 N.Y.S.2d 782 (N.Y.App. Div. 4th Dep't 2000). The district court's approach may well be correct. But, because we find that Shelby did give adequate independent notice, we need not decide this in the case at hand.

*Ruda & Capozzi, Inc.*, 203 A.D.2d 944, 945, 611 N.Y.S.2d 73 (N.Y.App. Div. 4th Dep't 1994), to allow an insurer to delay a disclaimer for several months because additional arguments for exclusion might emerge over time is fatally inconsistent with New York's requirement of prompt notice. The existence of an additional ground for disclaimer is, after all, always a theoretical possibility. We note, moreover, that Underwriters offers no satisfactory explanation for its tardiness in discovering the terms of the lease, and hence the basis for the second disclaimer ground, even though it knew of the existence of the lease between Shelby and City Club by July or August, and had instructed its own claims investigator in July to secure copies of any relevant leases.

A four to five month delay in investigating the terms of that lease was therefore unreasonable as a matter of law, particularly where another ground for disclaimer existed. *First Financial*, 1 N.Y.3d at 70, 769 N.Y.S.2d 459, 801 N.E.2d 835 (noting that, for the purposes of summary judgment, there is "no material difference between a delay that is *unexplained* and a delay that is *unexcused,* meaning the explanation is unsatisfactory"). Accordingly, we agree with the district court that Shelby was entitled to have the complaint against it dismissed with prejudice, and to receive a declaration that Underwriters must defend and indemnify Shelby in the personal liability action.

### b. *Metropolitan and Forthright*

■ We also affirm the district court's holding that Underwriters' notice of disclaimer to defendants Metropolitan and Forthright was untimely as a matter of law, insofar—and only insofar—as these entities claim coverage as members of City Club, and are being sued in the personal injury action in their capacity as members of City Club.[6] Underwriters argues that it had no notice of any claim from Metropolitan and Forthright until December 2000, when it received the verified complaint naming these two companies as defendants. We disagree.

■ Metropolitan and Forthright claim coverage solely as members of City Club. The policy requires only that a "Named Insured" give the insurer notice of claim. As a result, Metropolitan and Forthright were entitled to rely upon City Club's notice of claim. Similarly, under the terms of the policy, Underwriters' disclaimer of coverage of City Club would operate as a disclaimer of coverage of its member companies.[7] Because Underwriters failed, as a matter of law, to notify City Club in a timely manner of its intention to disclaim coverage of City Club, it also failed to notify City Club's members in a timely manner.[8]

---

**6.** To the extent that Forthright and Metropolitan are being sued in the personal injury action for their *own* behavior, rather than as members of City Club, there is no claim by anyone that they are covered by the Underwriters policy, and Underwriters has no need to disclaim as to them. *See Worcester Ins. Co. v. Bettenhauser*, 95 N.Y.2d 185, 189, 712 N.Y.S.2d 433, 734 N.E.2d 745 (2000) (noting the line drawn by New York courts "between a lack of coverage in the first instance (requiring no disclaimer) and a lack of coverage based on an exclusion (requiring timely disclaimer)"). We note, moreover, that, according to a letter brief filed by the Szpakowskis after oral argument, Metropolitan never appeared in the personal injury action and is not currently a party to that action.

**7.** Indeed, the fact that Underwriters addressed its December disclaimer letter to City Club and copied it to Metropolitan and Forthright confirms this interpretation of the policy.

**8.** Underwriters knew all of the facts that it needed to know to disclaim coverage of City Club in July or August, when it knew of the

Finally, we note that the defendants only asked the district court to declare Underwriters' notice to Forthright and Metropolitan untimely, and did not assert a counterclaim that Underwriters has a duty to defend and indemnify these two defendants. We affirm no more than the district court held: Underwriters' notice was untimely as a matter of law as regards Metropolitan and Forthright, insofar as these entities are claiming coverage as members of City Club, and, hence, Underwriters' complaint against these two defendants must be dismissed with prejudice.[9]

## II. ATTORNEYS' FEES

▋ The issue of attorneys' fees involves an important, unsettled, and determinative question of state law, which we certify to the New York Court of Appeals. 22 N.Y.C.R.R. § 500.17.

### a. Legal Standard

▋ New York courts have carved out a "narrow exception" to the general "American" rule that a prevailing party cannot recover attorneys' fees. Under this exception, an insured who prevails in a declaratory action brought by an insurance company seeking to deny a duty to defend and indemnify is allowed to recover fees expended in defending against that action. The insured is allowed fees, that is, "when he has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations." See Mighty Midgets, Inc. v. Centennial Ins. Co., 47 N.Y.2d 12, 21, 416 N.Y.S.2d 559, 389 N.E.2d 1080 (1979).

Mighty Midgets states the exception in broad terms. Nevertheless, lower federal and state courts have consistently disagreed about whether the exception applies in cases where the insurer, who sought a disclaimer of liability and lost, had earlier discharged its duty to defend the insured in the underlying action. This issue was not discussed in Mighty Midgets.

Most federal district courts have expressed concern that allowing fees under these circumstances would create an incentive for the insurer to refuse to defend in the underlying suit, thereby leaving it up to the insured to bring a declaratory action seeking coverage. Under Mighty Midgets, an insured, even though it prevails, is not entitled to attorneys' fees in any declaratory action that it initiates. Id. An

---

occurrence, and of the fact that Szpakowski was an employee of City Club (and thus fell under the Employee Exclusion clause). Underwriters was, furthermore, not entitled to wait to disclaim until an actual suit had been filed against City Club. The requirements under New York law are clear and strict: an insurer must give notice of its intention to disclaim coverage "as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage." Hartford Ins. Co., 46 N.Y.2d at 1029, 416 N.Y.S.2d 539, 389 N.E.2d 1061. And as the Court of Appeals recently noted, the legislative history of N.Y. Ins. L. § 3420(d) "leave[s] no doubt that [the Legislature] intended to expedite the disclaimer process, thus enabling a policyholder to pursue other avenues expeditiously." First Financial, 1 N.Y.3d at 68, 769 N.Y.S.2d 459, 801 N.E.2d

835. After City Club made a claim—which it did by filing the notice of claim and sending a follow-up letter identifying the "claim by . . . Szpakowski against City Club [and] Shelby"— it had the right to be informed promptly if it was not covered under the policy, regardless of whether or not suit had been filed against it. Additionally, Underwriters was aware that City Club was a limited liability company, and should have therefore been aware that its members might be vulnerable to suit even if City Club was not.

9. Because we find that notice of disclaimer as to Shelby, Metropolitan, and Forthright, was untimely as a matter of law, we need not, and do not, express any views on the adequacy of Underwriters' substantive grounds for its disclaimer against these entities.

insurance company focused on avoiding attorneys' fees might therefore refuse to defend in the underlying state suit and force the insured to bring the declaratory action.[10]

For this reason, a number of district courts have concluded that, in a case in which it was clear that the insurer had discharged its duty to defend in the underlying action, the Court of Appeals would retreat from its categorical statement in *Mighty Midgets* and would not award attorneys' fees to the insured. *See, e.g., Nationwide Mutual Ins. Co. v. Welch,* 988 F.Supp. 629, 630 (S.D.N.Y.1997) (reasoning that allowing attorneys' fees in such a case would "reduce the incentives for insurance companies to defend in the underlying tort actions and that would likely shift the burden of obtaining a declaratory judgment from the insurance company to the insured"); *see also Mount Vernon Fire Ins. Co. v. Congregation Kehilath Yakov,* No. 95–CIV–7973, 1999 WL 1072484, at *2 (S.D.N.Y. Nov.29, 1999); *Safeguard Ins. Co. v. Angel Guardian Home,* 946 F.Supp. 221, 233 (E.D.N.Y.1996); *Great Northern Ins. Co. v. Dayco Corp.,* 637 F.Supp. 765, 788 (S.D.N.Y.1986); *cf. Aetna Cas. & Surety Co. v. Dawson,* 84 A.D.2d 708, 444 N.Y.S.2d 10 (N.Y.App. Div. 1st Dep't 1981), *aff'd* 56 N.Y.2d 1022, 453 N.Y.S.2d 683, 439 N.E.2d 398 (1982).[11]

Several Appellate Divisions and at least one federal district court, however, have concluded that *Mighty Midgets* requires the awarding of fees whenever the disclaimer declaratory action has been brought by the insurer—that it does so, that is, even where an insurer does not breach its duty to defend in the underlying suit. *See United States Fid. & Guar. Co. v. New York, Susquehanna & W. Ry. Corp.,* 277 A.D.2d 1026, 1026, 716 N.Y.S.2d 181 (N.Y.App. Div. 4th Dep't 2000) (holding that "[t]he fact that plaintiff initially paid the cost of defendant's defense in the underlying action is of no moment"); *U.S. Underwriters Ins. Co. v. Mesiftah Eitz Chaim of Bobov,* 210 A.D.2d 218, 218, 620 N.Y.S.2d 5 (N.Y.App. Div.2d Dep't 1994) (awarding attorneys' fees to an insured where the insurer abandoned prosecution of the declaratory action and defended in the underlying action); *see also Nat'l Grange Mutual Ins. Co. v. Udar Corp.,* No. 98–CIV–4650, 2002 WL 373240 (S.D.N.Y. Mar.8, 2002).

---

**10.** We note, however, that it is possible that the insurer would still be held liable for any attorneys' fees accrued as a result of the insurer's cross-claim for summary judgment. *Cf. U.S. Underwriters Ins. Co. v. Weatherization, Inc.,* 21 F.Supp.2d 318, 328 (S.D.N.Y. 1998) (granting the insured fees incurred as a result of the insurer's declaratory action against them, but denying them fees incurred as a result of their own cross-claim against the insurer for summary judgment).

**11.** This Circuit has never held, in this precise factual context, that attorneys' fees are unavailable. In *Employers Mutual Cas. Co. v. Key Pharmaceuticals,* 75 F.3d 815, 824 (2d Cir.1996) (per curiam), we denied fees where an insurer brought and lost a declaratory action regarding a policy provision that required the parties to settle before piercing excess coverage. The case did not involve a disclaimer of a duty to defend, or a policy provision that could involve a duty to defend (as this case does). In *New York Marine & General Ins. Co. v. Tradeline (L.L.C.),* 266 F.3d 112, 130 (2d Cir.2002), we affirmed a district court's decision to deny attorneys' fees in a case where the insurer had brought the declaratory action, but we did so out of deference to a district court determination that the insured was not really a prevailing party, because it had only partially prevailed. In any case, we could not rely solely on our own precedent in making a determination under New York law because our duty, when faced with a question such as this one, is to predict what the Court of Appeals would decide today. *See Jacobson v. Fireman's Fund Ins. Co.,* 111 F.3d 261, 267–68 (2d Cir.1997).

This division in interpreting New York law between the majority of New York lower courts, and the majority of federal district courts (which could not seek guidance from the New York Court of Appeals through certification of the question, 22 N.Y.C.R.R. § 500.17), has created an unusual, and undesirable, degree of uncertainty in cases of this sort, cases like the one we have before us today.

### b. Application

It is undisputed, on this appeal, that Underwriters has cast the insureds in a defensive posture by bringing this declaratory action. It is also undisputed that, in the underlying personal injury action, Underwriters did provide a defense to one of the insureds, Shelby. As regards Shelby, therefore, this case squarely raises the determinative and unsettled issue of state law discussed above: "Whether, in a case where an insurance company has brought a declaratory judgment action to determine that it does not have obligations under the policy but has defended in the underlying suit, a defendant prevailing in the declaratory judgment action can be awarded attorneys' fees expended in defending against that action."

We recognize that there is a substantial argument that a prevailing insured that has been defended in the underlying suit is not entitled to attorney's fees, a position endorsed by the majority of federal district courts. But because some New York courts have drawn the opposite conclusion,

and because the question involved is both important, and is likely to recur, see, e.g., Mark A. Varrichio & Assocs. v. Chicago Ins. Co., 312 F.3d 544, 550 (2d Cir.2002), we deem certification to be the most appropriate course of action.

We note, however, that as to two other potential parties, Metropolitan and Forthright, it is undisputed that Underwriters did not provide a defense.[12] We also note that it is by no means clear whether Metropolitan and Forthright are covered by the policy at all.[13] And finally we note that it is not apparent, on this appeal, which defendants—Shelby, Metropolitan, or Forthright—paid for which part of the defense against Underwriters' declaratory action, a defense which seems to have been conducted jointly.

As a result, we invite the Court of Appeals (1) to decide the isolated question raised by Shelby and identified above: whether, in a case in which an insurance company has brought a declaratory judgment action to determine that it does not have policy obligations but defended in the underlying suit, a defendant prevailing in the declaratory judgment action should be awarded attorneys' fees expended in defending against that action? (leaving the application of the answer in the special circumstances of this case to us or to the district court), or (2) to decide whether fees are to be awarded in the special circumstances of this case, or (3) to decline to accept certification in view of the special circumstances of this case.

---

**12.** It may be relevant that, as we mentioned above, Metropolitan apparently never appeared in the personal injury action and is not currently a party to that action.

**13.** As discussed in Part I of this opinion, Metropolitan and Forthright claim coverage under the Underwriters policy by virtue of their membership in City Club, a limited liability company and a Named Insured under the policy. The policy explicitly covers mem-

bers of insured limited liability companies. Therefore, Metropolitan and Forthright are covered by the policy insofar—but only insofar—as they are being sued, in the underlying personal injury action, as members of City Club. The record before us does not, however, make plain what theory of liability, against these two particular defendants, is asserted in the personal liability claim.

## III. CONCLUSION

As to the question of disclaimer of coverage under the insurance policy, we therefore AFFIRM the judgment of the district court, insofar as it granted defendants' requests in (i), (iii), and (iv) of their motion for summary judgment. That is, we hold that Underwriters' disclaimer of coverage as to Shelby, Forthright, and Metropolitan was untimely as a matter of law; that Underwriters is obliged to defend and indemnify Shelby in the underlying personal injury action; and that the complaint against City Club, Brighenti, and Zambetti must be dismissed because these parties do not seek coverage under the policy.

We also hereby ORDER that the Clerk of this Court transmit to the Clerk of the Court of Appeals of the State of New York a Certificate, as set forth below, together with a complete set of briefs and appendices filed in this Court by the parties. We further order the parties to bear equally such costs and fees, if any, as may be required by the New York Court of Appeals. Finally, this panel retains jurisdiction to consider all issues that remain before us once the Court of Appeals has either declined certification or provided us with its guidance.

CERTIFICATE

The following questions are hereby certified to the New York Court of Appeals pursuant to Second Circuit Local Rule § 0.27 and New York Court of Appeals Rule § 500.17, as ordered by the United States Court of Appeals for the Second Circuit.

1. Whether, in a case in which an insurance company has brought a declaratory judgment action to determine that it does not have obligations under the policy but has defended in the underlying suit, a defendant prevailing in the declaratory judgment action should be awarded attorneys' fees expended in defending against that action?

2. Whether, in the special circumstances of this case, attorneys' fees should be awarded to one or more of the defendants?