■ R.C. DOLNER, INC., Respondent, v MY-WAY CONTRACTING CORP., Defendant, LANDMARK INSURANCE Co., Respondent, and CRUM & FORSTER INSURANCE Co. et al., Appellants. [841 NYS2d 1]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered December 29, 2005, which denied plaintiff's motion for summary judgment against defendant Landmark Insurance Co. (Landmark), denied the cross motion of defendants United States Fire Insurance Co. and Crum & Forster Insurance Co. (collectively, US Fire) for summary judgment to dismiss

the complaint and all cross claims as against them, granted Landmark's cross motion for summary judgment dismissing the complaint and all cross claims as against it, and declared that Landmark is not obligated to indemnify plaintiff and that plaintiff is entitled to primary coverage under its US Fire policy, unanimously affirmed, without costs.

Plaintiff, as general contractor, entered into a subcontract with defendant My-Way Contracting Corp. (My-Way) for demolition work, pursuant to which My-Way procured a certificate of insurance and an insurance policy, issued by Landmark, naming My-Way and plaintiff as additional insureds. Plaintiff obtained a separate policy, issued by US Fire, which would provide excess insurance over any primary insurance covering a loss, but otherwise would afford primary coverage.

On February 2, 1999, during the course of My-Way's demolition work, a large piece of concrete fell, damaging some of the owner's equipment. The owner paid $178,205.16 for repairs and deducted the amount from the total due plaintiff. Plaintiff notified its insurer, US Fire, of the incident on February 9, and forwarded two memoranda, dated March 2 and 3, on the cause, nature, and extent of the damages. On March 17, US Fire, on behalf of plaintiff, sent My-Way a notice of claim and requested that My-Way notify Landmark. Neither plaintiff nor US Fire directly notified Landmark. Rather, on December 13, US Fire sent My-Way a second notice of claim and again told My-Way to notify its insurer. On December 28, My-Way asked Landmark to process the claim, and attached the certificate of insurance identifying plaintiff as an additional insured, the March memoranda prepared by plaintiff, and the March and December letters from US Fire.

On January 4, 2000, Landmark assigned the matter to its adjusters, who conducted an investigation. The adjusters issued their report on January 24, and that same day Landmark disclaimed coverage for My-Way's failure to provide timely notice, as required by the policy. Specifically, Landmark had not been given notice until December 28, 1999, more than 10 months after the occurrence (February 2, 1999) and more than nine months after the date of claim letter from US Fire (March 17, 1999). Plaintiff and US Fire were copied on the disclaimer.

On January 25, 2001, one year after the disclaimer was issued, plaintiff wrote to Landmark contesting the denial of coverage. US Fire sent a similar protest on February 8, 2001. By letter dated February 26, 2001, Landmark adhered to its original disclaimer decision.

My-Way's unexcused delay of more than 10 months in submit-

ting the claim to Landmark violated the policy's condition that notice be given "as soon as practicable" (*see Holmes v Morgan Guar. & Trust Co. of N.Y.*, 223 AD2d 441, 442 [1996]), and Landmark's disclaimer, issued less than one month later, was reasonable in light of the prompt and diligent investigation of the claim (*see 2540 Assoc. v Assicurazioni Generali*, 271 AD2d 282 [2000]). US Fire asserts that its notice to My-Way, sent on March 17, 1999, was prompt, and that Landmark's time within which to disclaim should be measured from that date. However, both plaintiff and US Fire knew of Landmark's identity, and My-Way was not its carrier's agent; therefore, the pertinent period for purposes of timely notification must be measured from the date Landmark actually received notice (*see Paul Developers, LLC v Maryland Cas. Ins. Co.*, 28 AD3d 443 [2006] [fact that insured and additional insureds may have provided timely notice to their own insurance broker is not deemed notice to the insurer]). Plaintiff's and US Fire's letters of January and February 2001, requesting reconsideration, did not constitute a new claim that would nullify the prior disclaimer if not itself promptly disclaimed. Concur—Saxe, J.P., Nardelli, Buckley, Gonzalez and Sweeny, JJ.