In the Matter of the Arbitration between NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, and JOHN P. GORDON, Appellant. [850 NYS2d 653]—

Kane, J. Appeal from an order of the Supreme Court (Lynch, J.), entered December 6, 2006 in Ulster County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On April 12, 2005, respondent was injured in a motor vehicle

accident while driving his 1996 Pontiac insured by petitioner. At the time, respondent lived with his father, whose separate automobile insurance policy issued by petitioner contained supplemental uninsured/underinsured motorist (hereinafter SUM) coverage. The father's policy did not list the 1996 Pontiac as an insured vehicle or respondent as a named insured.* In a letter received by petitioner on April 21, 2005, respondent provided petitioner with his notice of intention to make a claim for SUM coverage. The cover letter of respondent's counsel which accompanied this claim identified only respondent as the insured, not his father. The claim form itself identified respondent as the claimant and listed his own policy as having been implicated in the accident. A question on the claim form asks whether other members of the injured person's household also own an automobile; respondent answered by inserting his father's name and his father's policy number. Nowhere in this correspondence, however, did respondent notify petitioner of his intention to make a claim for SUM coverage under the father's policy. Petitioner promptly responded to this communication by letter dated April 25, 2005, in which it clearly identified respondent as the insured and listed only respondent's policy number. The letter further went on to disclaim coverage under respondent's policy because the tortfeasor's coverage exceeded that of respondent. No mention was made of the father's policy. Taking all of this correspondence together, by the end of April 2005 the only reasonable conclusion is that respondent was making a SUM claim under only his own policy.

Notably, nothing further transpired until December of that year. In response to an inquiry, on December 27, 2005, petitioner reminded respondent's counsel that it had previously disclaimed under respondent's policy. By letter dated January 10, 2006, respondent's counsel again wrote to petitioner and now for the first time in the heading of their letter made reference to respondent's father as the "Insured." The text of this letter made clear that respondent's counsel themselves believed that this was the first time that they were making claim under the father's policy because they state, "Please open a[n] under insurance claim and call so we may discuss." It is also undisputed that promptly after receipt of this letter, by letter dated January 25, 2006, petitioner disclaimed coverage under the father's policy based upon an exclusion in that policy.

In August 2006, respondent served petitioner with a request for SUM arbitration. Petitioner commenced this CPLR article

---

* The policy excluded coverage for members of the father's household while driving a vehicle they owned but which was not named in the father's policy.

78 proceeding seeking to permanently stay arbitration, alleging that the father's policy excluded coverage for respondent's injuries. Respondent sought dismissal based upon untimely commencement of this proceeding, as well as an untimely disclaimer by petitioner. Supreme Court held that the timeliness issue was irrelevant, petitioner's January 2006 disclaimer was timely and, in any event, coverage did not exist under the father's policy. In light of these determinations, the court granted the petition and permanently stayed arbitration between the parties, prompting this appeal by respondent.

We reject respondent's argument alleging untimely commencement of this proceeding. Respondent contends that the proceeding must be dismissed because petitioner failed to file a signed order to show cause within 20 days after respondent served his demand for arbitration (*see* CPLR 7503 [c]). Yet, following the 2001 amendment to CPLR 304, "[a] special proceeding is commenced by filing a petition," not by filing an executed order to show cause (CPLR 304 [a]; *compare Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 717 [1997] [holding that, under CPLR former 304, filing a proposed but unexecuted order to show cause had no legal effect and did not satisfy the commencement requirements]). The status of the order to show cause thus being irrelevant, and respondent not having proven or even asserted that the petition was not filed within the required 20-day period, the proceeding is deemed timely commenced.

Respondent concedes that the policy exclusion relied upon by petitioner applies under the factual situation here. Petitioner can only rely upon that exclusion to deny respondent coverage, however, if petitioner timely issued its disclaimer based upon that exclusion (*see* Insurance Law § 3420 [d]; *Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 189-190 [2000]). A disclaimer must be issued promptly, with the timeliness for an insurer's disclaimer measured from the time when "the basis for denying coverage was or should have been readily apparent" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 69 [2003]). The mere inclusion of insurance information regarding respondent's father's policy on the claim form did not make it readily apparent in April 2005 that respondent was making a claim under his father's policy. Because petitioner timely disclaimed coverage under the father's policy in response to respondent's first notice of a claim under that policy on January 10, 2006, we affirm the determination granting the petition to stay arbitration (*see R.C. Dolner, Inc. v My-Way Contr. Corp.*, 41 AD3d 185, 186-187 [2007]).

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.